*In re* Swartz, *Petitioner.*

---

*In the matter of the Petition of* C. L. SWARTZ *for a Writ of Habeas Corpus.*

1. LAWS — *Enactment.* All laws shall be enacted by bill. (Const., art. 2, § 20.)

2. ———— *Publication.* Laws of a general nature are not in force until after publication thereof. (Const., art. 2, § 9.)

3. ———— *Invalid Publication.* The publication of an act, omitting the enacting clause, is not a valid publication thereof.

4. PROSECUTION, *Premature.* Prosecution under an act not yet published is prematurely brought.

*Original Proceeding in Habeas Corpus.*

THE case is sufficiently stated in the opinion, filed October 10, 1891.

*H. L. Strohm,* for petitioner.

*J. N. Ives,* attorney general, and *R. B. Welch,* county attorney, for respondent.

Opinion by STRANG, C.: At the April term, 1891, of the district court of Shawnee county, the grand jury thereof returned an indictment containing three counts against C. L. Swartz, charging him with having in said county published, circulated and had in his possession the Kansas City *Sunday Sun,* a newspaper devoted largely to the publication of scandals, lechery, assignation, intrigues between men and women, and immoral conduct of persons.    May 8, 1891, warrants were issued on said indictment, upon which the said C. L. Swartz was arrested, taken and held in custody of the sheriff of said county.    Afterward, May 16, 1891, the defendant applied to this court for his discharge from said arrest upon *habeas corpus,* alleging, among other reasons for his discharge, the following, to wit: That the act of the legislature under which said indictment was found was not in force at the time said indictment was found, nor when the offenses therein charged are alleged to have been committed, for the reason that said act had not at such times been published.    The indictment was found at the April term, 1891, and it charges that the offenses complained of were committed during said month of April.    An examination of the subject shows either that a resolution of the legislature prescribing against the acts alleged in the indictment in the case against the petitioner was published March 21, 1891, or that an attempt was made to publish an act of the legislature on that day, which publication omitted an essential part of said act, to wit, the enacting clause.    If there was an attempt on the part of the legislature to create a crime and provide for the punishment thereof by resolution, such attempt is in violation of § 20 of article 2 of the constitution, which provides that "No law shall be enacted except by bill."    If, as we believe, there was simply a mistake in the publication of the act on the 21st day of March by omitting the proper enacting clause, and the act was not

properly and legally published until May 16, 1891, then such act was not in force at the time the said indictment was found against the petitioner, nor when the offenses therein charged are alleged to have been committed. "No law of a general nature shall be in force until the same be published." (Const. art. 2, § 3.) The publication of an act of the legislature, omitting the enacting clause or any other essential part thereof, is no publication in law. The enacting clause of all laws shall be, "Be it enacted by the legislature of the state of Kansas." (Const., art. 2, § 20.) The law not being in force when the indictment was found against the petitioner, nor when the acts complained of therein were done, the petitioner could not have been guilty of any crime under its provisions, and is, therefore, so far as this indictment is concerned, entitled to his discharge.

There is another indictment mentioned in the return of the sheriff, a copy of which is also attached to the petition in the case. But, so far as we know, no warrant has been issued thereon. Both the warrants attached to the sheriff's return and also to the petition in the case show that they were issued upon the indictment already considered. The second indictment charges a misdemeanor. The charge in each of the warrants attached to the sheriff's return, and under which he says he held the petitioner, is a felony. It not appearing that the petitioner has been arrested, or is held upon any warrant under the second indictment, we think he is entitled to his discharge. As the act under which the petitioner was proceeded against in the district court was properly published on May 16, 1891, and other prosecutions may follow under its provisions, we suggest that the paper, the publication of which is complained of, or so much of it as contains the matter complained of, shall be attached to any new complaint which may be made.

We recommend that the application of the petitioner be allowed, and an order for his discharge entered.

By the Court: It is so ordered.

All the Justices concurring.