(612 P.2d 1248)
No. 51,599

STATE OF KANSAS, *Appellee,* v. CHALLIS T. SEYMOUR, *Appellant.*

Opinion filed June 20, 1980.

*John A. McKinnon,* of Topeka, for appellant.

*John C. Herman,* assistant county attorney, *Robert T. Stephan,* attorney general, and *William Jeter,* county attorney, for appellee.

Before ABBOTT, P.J., SPENCER and PARKS, JJ.

ABBOTT, J.: This is an appeal by a 16-year-old driver from a 90-day suspension of driving privileges for driving left of center in violation of K.S.A. 8-1514. The sole issue on appeal is whether the district court had jurisdiction to suspend the driver's license of defendant.

K.S.A. 1979 Supp. 8-2117 provides in relevant part:

"Subject to the provisions of this section, a court of competent jurisdiction may hear prosecutions of traffic offenses as permitted by subsection (*b*) of K.S.A. 1978 Supp. 38-815 involving any child fourteen (14) years of age or more but who is less than eighteen (18) years of age. The court hearing any such prosecution may impose any fine authorized by law for such offense, but no child under the age of eighteen (18) years of age shall be incarcerated for any such offense. Upon conviction of any such offense, the court may suspend the license of any child who was under eighteen (18) years of age at the time of committing such offense. Suspension of a license shall be for a period of one year or a part thereof as ordered by the court."

The statute specifically provides that the court may impose suspension of a license for one year or any part thereof upon conviction of such an offense. The question before us is what traffic offenses are included under K.S.A. 1979 Supp. 38-815(*b*), which provides:

"Whenever a child fourteen (14) years of age or older is charged with a traffic offense described in subsection (*e*) of K.S.A. 1978 Supp. 38-802, the prosecution of such offense shall not be heard pursuant to the juvenile code but shall be commenced in a court of competent jurisdiction in the same manner as prosecutions involving adults, subject to the provisions of K.S.A. 1978 Supp. 8-2117."

The above statute refers to traffic offenses described in K.S.A. 1979 Supp. 38-802(*e*), which are as follows:

"(1) Any statute relating to the regulation of traffic on the roads, highways or streets, or the operation of a self-propelled or nonself-propelled vehicles of any kind *except* K.S.A. 8-262, 8-287, 8-1566, 8-1568 or 21-3405 and K.S.A. 1979 Supp. 8-1567; or

"(2) any city ordinance or county resolution which relates to the regulation of traffic on the roads, highways or streets, or the operation of self-propelled or nonself-propelled vehicles of any kind, *except* when such ordinance or resolution violation would also constitute a violation of K.S.A. 8-262, 8-287, 8-1566, 8-1568 or 21-3405 or K.S.A. 1979 Supp. 8-1567." (Emphasis added.)

After reading all of the statutes above *in pari materia* (*Brown v. Keill,* 224 Kan. 195, Syl. ¶ 4, 580 P.2d 867 [1978]), it is our opinion that the only traffic offenses which are *not* subject to the provisions of K.S.A. 1979 Supp. 8-2117 are those specifically excepted under K.S.A. 1979 Supp. 38-802(*e*).

The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when that intent can be ascertained from the statute. *Wachholz v. Wachholz,* 4 Kan. App. 2d 161, 162, 603 P.2d 647 (1979). The legislature obviously intended for the great majority of traffic offenses committed by older juveniles to be dealt with expeditiously and fairly without involving the juvenile courts. The justification for such a statutory scheme is apparent. Most traffic offenses involve a relatively minor degree of criminal culpability and are generally susceptible to a prompt and reasonably accurate disposition. The offenses specifically excepted from the statutory scheme, *i.e.,* K.S.A. 8-262 (driving without a valid driver's license), K.S.A. 8-287 (driving while considered a habitual violator), K.S.A. 8-1566 (reckless driving), K.S.A. 8-1568 (fleeing or attempting to elude police officer), K.S.A. 21-3405 (vehicular homicide), and K.S.A. 1979 Supp. 8-1567 (driving while intoxicated), are generally more serious crimes. In the case of such a serious offense, the legislature intended that the full panoply of rights and procedures normally instituted in juvenile matters be afforded the accused minor.

In the instant case defendant was convicted of driving left of center (K.S.A. 8-1514). Such offense is obviously a "statute relating to the regulation of traffic on the roads, highways or streets" and is not specifically excepted under K.S.A. 1979 Supp. 38-802(*e*). The district court was thus granted jurisdiction of the

matter pursuant to K.S.A. 1979 Supp. 38-815 and K.S.A. 1979 Supp. 8-2117. The latter statute expressly allows the district court to suspend a convicted juvenile's license up to one year and we hold that the district court's order of suspension was within its statutory jurisdiction.

Affirmed.