No. 52,461

STATE OF KANSAS, *Appellant*, v. VICTOR W. KEARNS, JR., *Appellee*.

(623 P.2d 507)

Opinion filed February 11, 1981.

*Elsbeth D. Schafer*, assistant attorney general, argued the cause and *Robert T. Stephan*, attorney general, was with her on the brief for the appellant.

*Robert E. Keeshan*, of Scott, Quinlan & Hecht, of Topeka, argued the cause and *Jack A. Quinlan*, of the same firm was with him on the brief for the appellee.

The opinion of the court was delivered by

HERD, J.: Victor W. Kearns, Jr., defendant-appellee, was charged with three counts of fraudulent reporting of election campaign financing in violation of K.S.A. 1980 Supp. 25-4129. Kearns filed a motion to dismiss on the grounds the statute is unconstitutional. The trial court sustained defendant's motion and dismissed the complaint. The State appealed. Kearns cross-appealed from the trial court's order overruling his motion challenging the attorney general's right to prosecute this action.

On February 28, 1980, a criminal complaint was filed against Victor W. Kearns, Jr. by the office of the Kansas Attorney General alleging three violations of campaign finance reporting under K.S.A. 1980 Supp. 25-4129. Kearns filed a motion to dismiss on the grounds the attorney general is unauthorized to file the complaint. The trial court overruled the motion. Appellee then filed a motion to dismiss the complaint on the grounds the Campaign Finance Act (K.S.A. 1980 Supp. 25-4101 *et seq.*) is unconstitutional because its enacting clause does not comply with Article 2, § 20 of the Kansas Constitution. The trial court sustained the motion and dismissed the complaint on July 29, 1980. This appeal followed.

Appellant's sole issue on appeal questions whether alteration or omission of the enabling language set forth in Article 2, § 20 of the Kansas Constitution renders an otherwise valid statute unconstitutional. The Campaign Finance Act of Kansas was passed in 1974. An examination of its legislative history discloses the

enacting clause of the original bill stated: "Be it *resolved* by the Legislature of the State of Kansas." Article 2, § 20 of the Kansas Constitution provides: "The enacting clause of all bills shall be 'Be it enacted by the Legislature of the State of Kansas:'. No law shall be enacted except by bill."

Appellant concedes Kansas case law has interpreted Article 2, § 20 as mandatory but argues this court accepts substantial compliance with the required language. Appellant argues the legislature procedurally handled this act as if it were a bill with a proper enacting clause and notes the bill has been used and treated as if there were no flaws in it and has been accepted as law. *State v. Doyen,* 224 Kan. 482, 580 P.2d 1351 (1978). The State further asserts the changing of one word in the introductory clause does not affect the content of the act and that constitutes substantial compliance with the Constitution. Appellant relies on *State, ex rel. v. Knapp,* 102 Kan. 701, 171 Pac. 639 (1918), in support of its argument that substantial compliance satisfies the constitutional language. In that case, Merrell Gage presented a claim against the State for $1500 for the creation of the statue of Abraham Lincoln, situated on the statehouse lawn. The attorney general brought an original proceeding in mandamus against the state auditor and state treasurer to pay the bill. A house concurrent resolution of the Kansas legislature authorized the creation of the statue and payment of Gage. The enacting clause of the resolution stated: "Be it *resolved* by the House of Representatives of the State of Kansas, the Senate concurring therein." L. 1917, ch. 346. (Emphasis supplied.) The court found, pursuant to Kansas constitutional provisions in effect at that time, that a law could be created by joint resolution and the fact this resolution was styled a "concurrent" resolution was unimportant. The court also held the absence of the strict language in Article 2, § 20 was not fatal in this instance, ruling that substantial compliance with the enacting language was all that was necessary.

Appellee urges this court to note that *Knapp* was not a criminal prosecution, as is the case at bar. As stated in *State v. Doyen,* 224 Kan. at 488: "[A] criminal statute is to be strictly construed and is not to be extended by courts to embrace acts or conduct not clearly included within its prohibitions."

Additionally, it is a long-standing rule that penal statutes are to be strictly construed against the State. *State v. Mauldin,* 215 Kan.

956, 529 P.2d 124 (1974). *Knapp* could be distinguished on that basis. We choose, however, to hold that no bill may become law without the language required by Article 2, § 20 of the Kansas Constitution. Substantial compliance with that requirement is no longer sufficient for bills destined to become either criminal or civil law.

The language in Article 2, § 20 of the Kansas Constitution is clear, unambiguous and incapable of any interpretation other than prescribing mandatory wording for the enactment of a bill into law. The words "resolved" and "enacted" are words of art having acquired a very special meaning in the legislative process. We will not attempt to change or alter the definition of those words and thus render them meaningless.

In *Jansky v. Baldwin*, 120 Kan. 332, 334, 243 Pac. 302 (1926), this court described legislative powers as follows:

"Under our form of government all governmental power is inherent in the people. Some governmental powers are delegated to congress, or to the federal government, by our federal constitution; those not so delegated are retained by the people. Hence, congress has no legislative power not granted to it by the federal constitution. This is not true of a state constitution. Since the people have all governmental power, and exercise it through the legislative branch of government, *the legislature is free to act except as it is restricted by the state constitution* . . . ." (Emphasis supplied.)

See *Leek v. Theis*, 217 Kan. 784, 802, 539 P.2d 304 (1975).

Article 2, § 20, of the Kansas Constitution is a restriction upon the legislature's power to make a new law except in the manner prescribed. That concept was followed in *In re Swartz, Petitioner*, 47 Kan. 157, 27 Pac. 839 (1891), where this court found the act in question was invalid because it had been mistakenly published without an enacting clause. We again adhere to the dictates of that opinion. To the extent that it is inconsistent with this holding, our opinion in *Knapp* is overruled. Without the mandatory language, the Campaign Finance Act is therefore unconstitutional and void. The complaint against Kearns was properly dismissed. This decision does not apply to any properly enacted amendments to the Act which can be given effect independent of the invalid provisions.

Cross-appellant Kearns presents three issues for determination by this court. In light of our decision on the appealed issue, however, the cross-appeal is rendered moot.

The judgment of the trial court is affirmed.