No. 53,843

STATE OF KANSAS, *Appellant*, v. ANTHONY J. SIMON, *Appellee.*

(646 P.2d 1119)

Opinion filed June 11, 1982.

*Robert T. Stephan,* attorney general, *Clark V. Owens,* district attorney, and *Geary N. Gorup,* assistant district attorney, were on the brief for appellant.

No appearance by appellee.

*Ronald E. Wurtz,* of Topeka, was on the *amicus curiae* brief for the Kansas Trial Lawyers Association.

The opinion of the court was delivered by

MCFARLAND, J.: This is a direct appeal by the prosecution upon a question reserved pursuant to K.S.A. 22-3602(*b*)(3).

The issue presented in this appeal is whether the statutory justification for the use of deadly force in defense of a person contained in K.S.A. 21-3211 is to be determined by the trier of fact using a subjective standard (from the viewpoint of the accused's state of mind) or by using an objective standard (from the viewpoint of a reasonable man in the accused's position).

The instruction given herein on self-defense was PIK Crim. 54.17 as follows:

"A person is justified in the use of force to defend himself against an aggressor's imminent use of unlawful force to the extent it *appears reasonable to him* under the circumstances then existing." (Emphasis supplied.)

The statutory authority for any instruction relative to use of force in defense of a person is K.S.A. 21-3211 which provides:

"A person is justified in the use of force against an aggressor when and to the extent it appears to him and *he reasonably believes* that such conduct is necessary to defend himself or another against such aggressor's imminent use of unlawful force." (Emphasis supplied.)

The Judicial Council Comments to K.S.A. 21-3211 provide in relevant part:

"The section defines the right to defend one's person against unlawful aggression. It attempts to define the phrase 'reasonably believes.' A reasonable belief implies both a belief and the existence of facts that would persuade a reasonable man to that belief.

. . . .

"Illinois Criminal Code, 7-1, and Restatement of Torts, 11, were relied upon in drafting the section."

Restatement (Second) of Torts § 11 (1965), referred to in the Judicial Council comment provides:

"§ 11. Reasonably Believes

"The words 'reasonably believes' are used throughout the Restatement of this Subject to denote the fact that the actor believes that a given fact or combination of facts exists, and that the circumstances which he knows, or should know, are such as to cause a reasonable man so to believe."

The State contends K.S.A. 21-3211 requires the trier of fact to determine the reasonableness of the accused's actions by an objective rather than a subjective standard. The State further contends PIK Crim. 54.17 improperly instructs the jury to utilize a subjective standard in determining the reasonableness of the accused's actions. We agree with both contentions.

We note that of all the times self-defense instructions have been involved in appeals before us, this is the first time this precise issue has been raised. Most commonly, issues relating to self-defense instructions involve the propriety of the trial court's refusal to give any instruction on self-defense.

In *State v. Childers*, 222 Kan. 32, 48-49, 563 P.2d 999 (1977), this court reasoned as follows:

"Defendant next claims error in the trial court's refusal to give an instruction on self-defense. Self-defense as a defense in a prosecution such as at bar is defined in K.S.A. 21-3211:

'A person is justified in the use of force against an aggressor when and to the extent it appears to him and he reasonably believes that such conduct is necessary to defend himself or another against such aggressor's imminent use of unlawful force.'

The phrase 'reasonably believes,' as it is used in the statute, is clarified by the advisory committee in its notes following the statute. The committee states:

'. . . A reasonable belief implies both a belief and the existence of facts that would persuade a reasonable man to that belief.'

"We agree with the advisory committee's interpretation of the phrase in question. In other words, in order to rely on self-defense as a defense, a person must have a belief that the force used was necessary to defend himself and, also, show the existence of some facts that would support such belief . . . .

. . . .

> "In response to defendant's contention, the state says that even though defendant might have believed he was in danger there was absolutely no evidence to support such belief. We have carefully examined the defendant's testimony, which is the only evidence on the point and, viewing it in the light most favorable to him, we are, nevertheless, compelled to agree with the state's position. . . .
>
> . . . .
>
> "There is nothing shown that would persuade a reasonable man to believe that he was in imminent danger. We find no error in this regard."

This court in *Childers* recognized reasonableness of actions in self-defense is to be gauged by an objective standard. This is, however, the first time it has been brought to this court's attention that PIK Crim. 54.17 alters the test of reasonableness from an objective to a subjective standard.

The significance of this alteration is graphically demonstrated by a review of the case before us. Defendant is an elderly homeowner in Wichita. Steffen Wong, a young man of Oriental extraction, rented half of the duplex next door. By virtue of Mr. Wong's racial heritage, defendant assumed he was an expert in the martial arts. Defendant was afraid of Steffen Wong, and heated words had been exchanged between the two. Defendant was fearful because more "Orientals" were moving into the neighborhood, and one had expressed interest in purchasing defendant's home.

On May 27, 1981, Mr. Wong was fired upon as he attempted to enter his own duplex. Shortly thereafter Rickey and Brenda Douglas, the residents of the other half of the duplex, pulled into their driveway and were fired upon by the defendant. Police officers arrived a few minutes later and defendant fired a number of shots at the officers who had previously identified themselves. Defendant was charged with two counts of aggravated assault (K.S.A. 21-3410) for firing at Steffen Wong and Rickey Douglas. At trial defendant testified as to his general fear of Mr. Wong and that Mr. Wong had walked toward him cursing just before the incident started. The defense called a clinical psychologist who testified defendant was a "psychological invalid" who was very tense and fearful. The psychologist stated defendant's mental condition permitted him to "misjudge reality" and see himself under attack. The tentative diagnosis was "anxiety neurosis."

The jury was instructed:

> "A person is justified in the use of force to defend himself against an aggressor's

imminent use of unlawful force to the extent it appears reasonable to him under the circumstances then existing."

Defense counsel argued to the jury that the evidence showed defendant believed Mr. Wong was an imminent threat to him and that the firing of the gun appeared reasonable to the defendant. The jury acquitted defendant on both counts. Under the totality of the circumstances, one must assume the acquittals were occasioned in large measure by the improper instruction on self-defense.

We hereby disapprove the giving of PIK Crim. 54.17 as being an incorrect statement of the law of Kansas as set forth in K.S.A. 21-3211. Although the issue is not before us, we note that the same problem appears to exist in PIK Crim. 54.18 which deals with use of force in defense of a dwelling.

We conclude that the jury should properly have been instructed in the following language or its equivalent:

A person is justified in the use of force against an aggressor when and to the extent it appears to him and he reasonably believes that such conduct is necessary to defend himself or another against such aggressor's imminent use of unlawful force. A reasonable belief implies both a belief and the existence of facts that would persuade a reasonable man to that belief.

This instruction combines the language of K.S.A. 21-3211 with the necessary definition set forth in the Judicial Council Comments following the statute, and results in setting forth the requisite objective standard.

The appeal is sustained.