No. 54,303

STATE OF KANSAS, *Appellant,* v. BOBBY R. SEXTON, JR., *Appellee.*

(657 P.2d 43)

Opinion filed January 14, 1983.

*Kevin P. Moriarty,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, *Dennis W. Moore,* district attorney, and *Joseph E. Cosgrove,* assistant district attorney, were with him on the brief for appellant.

*Louis S. Wexler,* of Wexler, Wingfield & Zemites, of Shawnee Mission, argued the cause, and *William D. Wingfield* and *Donald L. Zemites,* of the same firm were with him on the brief for appellee.

The opinion of the court was delivered by

HOLMES, J.: This is an appeal by the State under K.S.A. 22-3602(b)(1) from the dismissal by the trial court, on motion of the defendant at the preliminary hearing stage, of criminal charges against Bobby R. Sexton, Jr. The defendant was charged with an attempt to conspire to commit murder. The trial court found there was no such crime as attempted conspiracy and therefore dismissed the action.

There were no facts presented to the trial court and the parties have stipulated that for appeal purposes, the allegations of the information may be taken as true and are controlling. Greatly summarized, the information alleges that the defendant Bobby R. Sexton, Jr. attempted to conspire with two agents of the United States Alcohol, Tobacco and Firearms unit for the agents to murder Sexton's wife. Several meetings were held in which a price for the murder was determined and details for carrying out the murder were furnished by Sexton, including the present whereabouts of his estranged wife.

It is undisputed that the two agents were working undercover after receiving a tip from the Olathe police department that Sexton was seeking someone to murder his wife. It is also

undisputed that neither of the two agents ever had any intention of entering into an actual conspiracy to murder Sexton's wife. Based upon the information secured by the USATF agents, the defendant was charged with an attempt to conspire to commit the murder of his wife. He was not charged with attempted murder nor conspiracy to commit murder and the State concedes that under the facts alleged, such charges would not lie. The sole question before this court is whether under the Kansas statutes, as they existed at the time, there was any such crime as *attempted conspiracy*. The trial court found that no such crime, essentially the crime of solicitation, was included in our statutes. We agree.

The State contends that the facts alleged in the information support a charge of attempted conspiracy to commit murder in violation of K.S.A. 21-3301, 21-3302 and 21-3401. K.S.A. 21-3401 defines first-degree murder. The pertinent portions of K.S.A. 21-3301 provide:

"**Attempt.** (1) An attempt is any overt act toward the perpetration of a crime done by a person who intends to commit such crime but fails in the perpetration thereof or is prevented or intercepted in executing such crime.

(2) It shall not be a defense to a charge of attempt that the circumstances under which the act was performed or the means employed or the act itself were such that the commission of the crime was not possible."

## K.S.A. 21-3302 provides in part:

"**Conspiracy.** (1) A conspiracy is an agreement with another person to commit a crime or to assist to commit a crime. No person may be convicted of a conspiracy unless an overt act in furtherance of such conspiracy is alleged and proved to have been committed by him or by a co-conspirator."

It appears to be the position of the State that conspiracy, unlike the crime of attempt, is a substantive crime which can be charged even when the object crime is completed, while an attempt merges with the object crime if that crime is actually consummated. As such, an attempt to commit the crime of conspiracy is a chargeable offense if the conspiracy itself is not completed. Appellant, on the other hand, makes several arguments, as pointed out in the trial court's opinion, to the effect there is no such crime as attempted conspiracy.

The learned trial judge in his order of dismissal stated:

"It is for this Court and all of our courts to uphold the law and protect the citizens of this State no matter who they might be. It is not the function of this

Court to create new laws no matter how justified they appear. If this Court could create a good law today, there would be nothing to prevent this Court from creating a bad law tomorrow, and for this reason our founding fathers wisely created the separation [of] powers giving the legislature the power to make laws and the courts the power of interpreting those laws by filling in any gaps and clarifying ambiguities.

"This Court finds the facts stipulated to and the information to be disgusting and repulsive. However, the buck stops here and this Court must make its determination solely upon the law.

"The Court makes the following findings:

1. That for the purpose of this hearing defendant stipulates that the State could prove all of the allegations set forth in the information.

2. That there cannot be a criminal offense of attempting to commit an act which if completed was not a crime. This case is similar to *State v. Crozier,* 225 Kan. 120. The Supreme Court held in that case that the acts of defendant of paying money to an individual to carry out the murder of her husband, transporting the hired individual to her husband's residence, and providing the gun and shells to shoot her husband, did not constitute the crime of conspiracy to commit murder since the person hired to commit the murder had never intended to commit murder. The Supreme Court in referring to *State v. Roberts,* 223 Kan. 49, stated that an agreement, by its very nature, requires a meeting of two minds; if there is no meeting of the minds, there can be no conspiracy. In the case before this Court there was no meeting of the minds and no conspiracy to commit murder was involved. The Court finds that a person cannot be convicted of attempting to commit an act which even if committed was not a crime.

"The Court further finds that the Kansas statutes categorize attempt and conspiracy under the heading of 'Anticipatory Crimes.' This Court finds that one anticipatory crime cannot be stacked or added to another anticipatory crime in order to arrive at a new crime.

"The Court does not find from the facts in this case that there has been an attempted crime. For there to be an attempted crime under the statute, the Supreme Court has held that an accused must have taken steps beyond mere preparation by doing something directly moving toward and bringing nearer the crime he intends to commit. The Court cited 21 Am. Jur. 2d, Criminal Law, Section 111, page 191, '. . . in a general way it may be said that preparation consists in devising or arranging the means for measures necessary for the commission of the offense and that the attempt is the direct movement toward the commission after the preparations are made. It has been held that even though a person intends to commit a crime, his procurement of the instrumentalities adapted to that end will not constitute an attempt to commit the crime in the absence of some further overt act . . . ', *State vs. Gobin,* 216 Kan. 278.

"There is no question in the Court's mind but that the defendant, under the facts stipulated, solicited the murder of his wife, but under *Kansas vs. Bowles,* 70 Kan. 821, 838, the Court held, 'so long as the will of the person solicited is opposed to the corrupt conduct, there can be no attempt, in the legal sense. . . .'.

"It would appear to the Court that if there were a crime of solicitation in the State of Kansas, that the Court could find probable cause to believe that the

defendant had committed such a crime. However, there is no such crime in Kansas and this Court can make no such finding.

"The Court, after giving full consideration to the matter pending before it, does not find probable cause to believe that a felony occurred in Johnson County, Kansas, as alleged, and the case is ordered dismissed and the defendant discharged."

We concur with the ultimate ruling of the trial court and much of what is said in the opinion. However, in view of our opinion in *State v. Logan & Cromwell,* 232 Kan. 646, 656 P.2d 777 (1983), we do not concur in the suggestion that legal impossibility, if it exists, is always a defense to a charge of an attempted crime. While it is true that it is an ultimate function of the courts to determine whether a statute or a combination of statutes actually proscribes certain conduct as criminal, great weight must be given to the intent and action of the legislature when it determines to establish certain conduct as constituting a new crime. The 1982 Legislature specifically adopted the crime of criminal solicitation. L. 1982, ch. 132, § 1. The legislative history of the new enactment reveals that during hearings before the Senate Judiciary Committee on March 3, 1982, the Johnson County District Attorney advised the committee, *inter alia,* that:

"Kansas presently does not have a statute which makes solicitation of a criminal act a crime. I have adopted as a premise that for one person to solicit another to commit a crime, and particularly a heinous crime, (e.g., murder) is or should be illegal. If you accept that premise, presumably it was thought that either a charge of conspiracy (K.S.A. 21-3302) or attempt (K.S.A. 21-3301) would address those situations in which an individual solicited another to commit a crime. It appears that is not the case."

Minutes of the meeting of the Judiciary Committee of the House of Representatives held March 22, 1982, reveal that representatives of the Kansas County and District Attorneys Association testified to the effect that S.B. 751 (subsequently enacted as L. 1982, ch. 132, § 1) created "a new crime known as criminal solicitation." The positions of the Johnson County District Attorney and the Kansas County and District Attorneys Association were supported at the hearing by the Shawnee County District Attorney, who urged enactment of the new bill.

It has long been the rule in Kansas that all crimes are established by legislative act. There are no common law crimes in the state, and there can be no conviction except for such crimes

as are defined by statute. *State v. Young,* 55 Kan. 349, 356, 40 Pac. 659 (1895).

It is also the rule in this state that a criminal statute will not be "extended by courts to embrace acts or conduct not clearly included within its prohibitions." *State v. Doyen,* 224 Kan. 482, 488, 580 P.2d 1351 (1978). Our criminal statutes are to be construed strictly against the State. *State v. Kearns,* 229 Kan. 207, 208, 623 P.2d 507 (1981).

It is a fundamental rule of statutory construction, to which all other rules are subordinate, that the intent of the legislature governs when that intent can be ascertained. *Kansas State Board of Healing Arts v. Dickerson,* 229 Kan. 627, 629 P.2d 187 (1981); *State v. Seymour,* 5 Kan. App. 2d 95, 612 P.2d 1248 (1980). The 1982 Legislature, by the enactment of L. 1982, ch. 132, § 1, has revealed that its intent in enacting the attempt and conspiracy statutes did not include solicitation as a crime. It is also a rule of statutory construction that older statutes are subordinated to newer enactments and it is the latest expression of the legislative will which controls if there is possible conflicting construction in a case. *Farmers State Bank & Trust Co. of Hays v. City of Yates Center,* 229 Kan. 330, 338, 624 P.2d 971 (1981); *City of Salina v. Jaggers,* 228 Kan. 155, 169, 612 P.2d 618 (1980).

The legislature has now specifically made criminal solicitation a substantive crime by enactment of the following statute which became effective May 13, 1982:

"(a) Criminal solicitation is commanding, encouraging or requesting another person to commit a felony, attempt to commit a felony or aid and abet in the commission or attempted commission of a felony for the purpose of promoting or facilitating the felony.

"(b) It is immaterial under subsection (a) that the actor fails to communicate with the person solicited to commit a felony if the person's conduct was designed to effect a communication.

"(c) It is an affirmative defense that the actor, after soliciting another person to commit a felony, persuaded that person not to do so or otherwise prevented the commission of the felony, under circumstances manifesting a complete and voluntary renunciation of the actor's criminal purposes.

"(d) Criminal solicitation of a class A or B felony is a class D felony. Criminal solicitation of a felony other than a class A or B felony is a class E felony." L. 1982, ch. 132, § 1.

This act appears to be a legislative recognition that prior to May 13, 1982, Kansas had no criminal statutes which covered the fact situation presented by the instant case and that the existing

attempt and conspiracy statutes were inadequate to reach criminal solicitation.

The solicitation of the USATF officers by the defendant, in seeking to have his wife murdered, is not only morally reprehensible but constitutes totally unacceptable social behavior of a type ordinarily prohibited by the criminal statutes. It is unfortunate that Kansas did not have a solicitation statute which would allow this defendant's prosecution and it was only through the alert and competent work of Olathe police officers and the USATF agents that a serious crime was prevented. Much as we might desire to do so, it is not our function to create a crime where the legislature has not done so. The members of the legislature are to be commended upon their speedy action in moving to fill an existing gap in our criminal code once it was called to their attention.

The judgment is affirmed.