No. 61,006

STATE OF KANSAS, *Appellant,* v. LLOYD D. CLOTHIER, *Appellee.*

(753 P.2d 1267)

Opinion filed April 29, 1988.

*Mona Furst,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, were with her on the brief for appellant.

*Jack Focht,* of Focht, Hughey, Hund & Calvert, of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

PRAGER, C.J.: This is an appeal by the State on a question reserved following the acquittal of the defendant, Lloyd D. Clothier, on a charge of involuntary manslaughter (K.S.A. 1987 Supp. 21-3404).

The evidence presented at the trial was essentially as follows: Defendant Clothier was awakened by his barking dog at his home around 3:30 a.m. on November 23, 1986. He got up and let the dog out of the house. A few minutes later, the dog returned. Defendant returned to bed, but the dog continued snarling. Defendant got up, took a revolver from his nightstand, and went to the dining room. He looked out the window and observed someone reaching in the window of his automobile parked on the driveway. The person had not only broken the window but had actually opened the door of the vehicle. Defendant was scared and concerned, because his garage door opener was located inside the vehicle. Defendant testified that he wanted to scare the person away so he fired a warning shot through the

window, not intending to hurt anyone. He then saw someone run behind the car and across the yard. He fired another shot, aiming down at the ground, to warn the person not to return. Defendant told his girl friend to call the police. He then stepped outside of the house and saw 15-year-old Seanan Picard lying injured on the driveway. Picard later died from a gunshot wound to the head. Defendant was acquitted by the jury on the theory that he acted in defense of his property.

The State appealed on a question reserved. The question presented is whether the district court erred in instructing the jury that a person may use deadly force to defend a dwelling or property other than a dwelling, without limiting such instruction to situations in which human life and safety are imminently endangered. The court instructed the jury as follows:

"INSTRUCTION 6

"Use of force in the defense of a dwelling. A person is justified in the use of force against another when and to the extent that it appears to him and he reasonably believes that such conduct is necessary to prevent or terminate such other's unlawful entry into or attack upon his dwelling. Such justification requires both a belief on the part of defendant and the existence of facts that would persuade a reasonable person to that belief.

"Use of force in defense of property other than a dwelling. A person who is lawfully in possession of property other than a dwelling is justified in the threat, or use of force against another for the purpose of preventing or terminating an unlawful interference with such property. Only such degree of force or threat of force thereof as a reasonable man would deem necessary to prevent or terminate the interference may be intentionally used."

At the close of the evidence the State submitted to the court a proposed jury instruction which stated:

"A person is justified in using force likely to cause death or great bodily harm in defense of property not a dwelling only when he reasonably believes that such force is necessary to prevent death or great bodily harm to [himself] [another]."

The instruction, as actually given by the court, followed the language of K.S.A. 21-3212 and K.S.A. 21-3213, as well as PIK Crim. 2d 54.18 and 54.19. K.S.A. 21-3212 and K.S.A. 22-3213 provide as follows:

"21-3212. Use of force in defense of dwelling. A person is justified in the use of force against another when and to the extent that it appears to him and he reasonably believes that such conduct is necessary to prevent or terminate such other's unlawful entry into or attack upon his dwelling."

"21-3213. Use of force in defense of property other than a dwelling. A person who is lawfully in possession of property other than a dwelling is justified in the threat or use of force against another for the purpose of preventing or terminating an unlawful interference with such property. Only such degree of force or threat thereof as a reasonable man would deem necessary to prevent or terminate the interference may intentionally be used."

The State argues that these statutes are in derogation of the common law which prohibits the use of deadly force in defense of property unless there is a threat of imminent bodily harm prior to the use of such force. At the time of the adoption of the Kansas Criminal Code in 1969, the proposal by the Kansas Judicial Council included the following concluding sentence to the proposed K.S.A. 21-3213:

"It is not reasonable to intentionally use force intended or likely to cause death or great bodily harm for the sole purpose of defending property other than a dwelling."

That sentence was deleted by the legislature, demonstrating an intent to avoid limitation, thus leaving this section apparently as broad as K.S.A. 21-3212. See the author's comment in Vernon's Kansas Crim. C. § 21-3213, p. 200 (1971). In adopting that position, the Kansas legislature joined a minority of jurisdictions which permit the use of all reasonably necessary force in the defense of property other than a dwelling.

It is the position of the State on this appeal that the jury instructions on the use of force in defense of a dwelling and in defense of property other than a dwelling (K.S.A. 21-3212 and 21-3213) are unconstitutional as a violation of the Fourth Amendment to the United States Constitution. The State bases its argument on the case of *Tennessee v. Garner*, 471 U.S. 1, 85 L. Ed. 2d 1, 105 S. Ct. 1694 (1985), where the United States Supreme Court ruled that the Fourth Amendment prohibits the use of deadly force by a police officer to prevent the escape of a suspected felon unless it is necessary to prevent the escape and the pursuing police officer has probable cause to believe that the suspect poses a significant threat of death or serious physical injury to the officer or others. *Tennessee v. Garner* involved an action brought by a father in federal district court seeking damages against a police officer and the city of Memphis, Tennessee, under 42 U.S.C. § 1983 (1982), for claimed violations of his

deceased son's constitutional rights. The son was killed by the Memphis police officer as the son fled over a fence in the backyard of a house he was burglarizing. The officer used deadly force to prevent the escape, observing only that the burglar was 17 or 18 years old and of slight build. The United States Supreme Court held that the use of deadly force under those circumstances to prevent the escape of an unarmed suspected felon violated the Fourth Amendment civil rights of the deceased son.

The State on this appeal has taken the position that, if the police cannot use deadly force to stop a 15-year-old burglary suspect without probable cause, why should a private citizen have that privilege? The State maintains that the defenses created by K.S.A. 21-3212 and 21-3213 constitute state action which violates the Fourth Amendment.

Counsel for the defendant first contends that this court lacks jurisdiction to determine the issue, because the issue of constitutionality of the two statutes was not raised in district court. We have considered the record in the case and note that the prosecutor objected to the failure of the trial court to give the requested instruction, and specifically mentioned the case of *Tennessee v. Garner* and that there was a constitutional issue involved. The trial court overruled the State's objection. Under the circumstances, we have concluded that this court has jurisdiction of the issue on this appeal.

In determining this issue, we note that the State concedes that the instruction on defense of property given by the trial court was a correct statement of Kansas law. The statutory justification for the use of deadly force is contained in K.S.A. 21-3211, 21-3212, and 21-3213 and presents a fact issue to be determined by the trier of fact using an objective standard, *i.e.*, from the viewpoint of a reasonable man in the accused's position. *State v. Simon*, 231 Kan. 572, 646 P.2d 1119 (1982).

The instructions as given by the court in this case follow the requirements of the Kansas statute. It has long been the rule in Kansas that all crimes are established by legislative act. There are no common-law crimes in Kansas, and there can be no convictions except for such crimes as are defined by statute. *State v. Jackson*, 239 Kan. 463, 721 P.2d 232 (1986); *State v. Young*, 55 Kan. 349, 356, 40 Pac. 659 (1895). As pointed out in

*State v. Sexton,* 232 Kan. 539, 543, 657 P.2d 43 (1983), it is also the rule in this state that a criminal statute will not be extended by courts to embrace acts or conduct not clearly included within its prohibitions, citing *State v. Doyen,* 224 Kan. 482, 488, 580 P.2d 1351 (1978). Our criminal statutes are to be strictly construed. *State v. Kearns,* 229 Kan. 207, 208, 623 P.2d 507 (1981).

The State's argument in this case presents essentially a quarrel with the legislative wisdom of deciding to grant the defenses set forth in K.S.A. 21-3212 and K.S.A. 21-3213. In asking this court to change the rule of self-defense provided by statute, the State is in effect asking this court to exercise a legislative prerogative. The legislature has made a determination that juries in Kansas should be allowed to determine whether the action of a person was reasonable or unreasonable in the use of force in defense of his property.

As to the claim of unconstitutionality based upon *Tennessee v. Garner,* we hold that the rule of that case has no application in a criminal case. *Tennessee v. Garner* must be followed in determining the rights of an injured victim in a civil action where he claims that excessive force was used by a police officer or by a private individual. The rule, however, has no application where an owner of property who used force in defense of his property is charged with the crime of involuntary manslaughter. In the opinion in *Tennessee v. Garner,* the Supreme Court of the United States does not at any place state that a criminal defense such as we have in K.S.A. 21-3212 and K.S.A. 21-3213 would be a violation of the United States Constitution.

*State v. Stokes,* 215 Kan. 5, 523 P.2d 364 (1974), was a case involving defense of the person, not property. There is no language in *Stokes* which changes the law of defense of property as provided by K.S.A. 21-3212 and 21-3213.

As pointed out by counsel for the defendant in his brief, the law in Kansas is clear that the legislature has determined by statute that a jury should determine whether or not the application of force in defense of property was reasonable under all the circumstances existing. The trial court in this case had no right to exercise its judgment in determining the reasonableness of the defendant's actions, for to do so would be an intrusion into the function of the jury. Based upon the reasoning set forth above,

we hold that the trial court did not err in its instructions to the jury on the issue of the reasonableness of the force used by defendant in defense of his property.

The appeal of the State is denied.