Thomas A. Glinstra, Municipal Counsel City of Olathe P.O. Box 768 Olathe, Kansas 66051-0768
Dear Mr. Glinstra:
As municipal counsel for the city of Olathe you request our opinion regarding the scope of K.S.A. 1993 Supp. 12-189, as amended L. 1994, ch. 354, sec. 3,. Specifically, you ask whether the sales tax report received by the city clerk or treasurer pursuant to K.S.A. 1993 Supp.12-189, as amended, can be reviewed by other city employees for purposes of reviewing the city's financial status and recommending changes to the sales tax laws, and whether information gleaned from the report may be utilized in preparing a separate report that would be open to the public.
The language of K.S.A. 1993 Supp. 12-189, as amended, that gives rise to your question was enacted by the Kansas legislature in 1991. To date, there are no reported cases or Attorney General opinions analyzing this statutory provision. Therefore, we look to a generally understood principle in Kansas that the fundamental rule of statutory construction is that the intent of the legislature governs where it can be ascertained.State v. Sexton, 232 Kan. 539 (1983).
The pertinent part of K.S.A. 1993 Supp. 12-189, as amended, provides:
 "The director of taxation shall provide, upon request by a city or county clerk or treasurer of any city or county levying a local retailers' sales tax, a monthly report identifying each retailer having a place of business in such city or county and setting forth the amount of such tax remitted by each retailer during the preceding month. Such report shall be made available to the clerk or treasurer of such city or county within a reasonable time after it has been requested from the director of taxation. The director of taxation shall be allowed to assess a reasonable fee for the issuance of such report. Information received by the city or county pursuant to this section shall be confidential, and it shall be unlawful for any officer or employee of such city or county to divulge such information in any manner. Any violation of this paragraph by a city or county officer or employee is a class B misdemeanor, and such officer or employee shall be dismissed from office." (Emphasis added.)
The emphasized portions of the statute point out a facial ambiguity. Initially, because only a city or county treasurer or clerk may request the sales tax report, it appears that no one else may review it. However, the statute's confidentiality and penalty provisions speak to any city or county officer or employee thus indicating that other officers and employees may have access to the report. When the provisions of a statute are ambiguous, the court may look beyond the language of the statute to determine legislative intent. Kansas Powerand Light Co. v. State Corp. Com'n, 237 Kan. 394, 397 (1985). A statute is ambiguous if there are two or more interpretations which can fairly be made. Sterling Drilling Co. v. Kansas Department of Revenue,9 Kan. App. 2d 108, 109 (1983). In order to determine the intent of the legislature with regard to K.S.A. 1993 Supp. 12-189 it is instructive to look at other Kansas statutes relating to taxation and the confidentiality of returns. See Martindale v. Robert T. Tenny, M.D.,P.A., 250 Kan. 621, 632 (1992); State v. Roudybush, 235 Kan. 834, 839
(1984) (in construction of statutes relating to same subject matter or having same general purpose, reference may be made between statutes to determine intent of legislature).
K.S.A. 1993 Supp. 79-3610 provides in part:
 "The director of taxation shall examine all returns filed under the provisions of [the Kansas retailers' sales tax] act, and shall issue final determinations of tax liability. . . ." See also K.S.A. 1993 Supp. 79-3226.
K.S.A. 79-3614, as amended by L. 1994, ch. 188, sec. 4, states:
 "All information received by the director from returns filed under this act . . . shall be confidential, except for official purposes, and it shall be unlawful for any officer or employee of such director to divulge any such information in any manner, except in accordance with a proper judicial order, or as provided in K.S.A. 74-2424, and amendments thereto. . . ." See also K.S.A. 1993 Supp. 79-3234(b), as amended by L. 1994, ch. 188, sec. 3.
There is no provision specifically allowing anyone other than the director of taxation to review returns, yet the language of K.S.A. 79-3614. as amended, suggests that, although the information is confidential, it can be disseminated to other officers and employees in the division of taxation for official purposes. If we were to conclude otherwise, it would be very difficult if not impossible for the division of taxation to carry out its statutory duties because of the sheer number of returns the director would have to personally process. We believe the same result was intended when the legislature instituted the above cited portion of K.S.A. 1993 Supp. 12-189, as amended. The penalty provision plainly speaks to any officer or employee of such city or county because the intent of the provision was to allow city or county employees to use the information to further the official goals and objectives of the city or county in question.
However, the confidentiality provision contained in K.S.A. 1993 Supp.12-189, as amended, otherwise appears to be without exception. All information contained in the report provided pursuant to the provisions of K.S.A. 1993 Supp. 12-189 is confidential and may not be released "in any manner." This prohibition appears to be very straight forward and there is no ambiguity through which we might delve into legislative intent. [See Martindale, 250 Kan. at 626; Amoco Production Co. v. Armold,213 Kan. 636, 648 (1974) (where a statute is plain and unambiguous, there is no room for judicial construction).] Thus, we find no authority for the city to release any information obtained from these confidential reports. Compare K.S.A. 79-3614, as amended; K.S.A. 1993 Supp. 79-3234(c), as amended by L. 1994, ch. 188, sec. 3.
In our opinion K.S.A. 1993 Supp. 12-189, as amended, does not limit city review of sales tax reports obtained pursuant to its provisions to the city clerk or treasurer. A city employed auditor, or other city officer or employee, may review such reports for official city purposes without violating the provisions of K.S.A. 1993 Supp. 12-189, as amended. However, K.S.A. 1993 Supp. 12-189 prohibits further disclosure of information contained in those reports and therefore the city may not place information obtained from the sales tax reports in a record intended to be open for public inspection. If information gathered from sales tax reports is further manipulated by the city, it may no longer be considered the information that was in the confidential reports and thus may not be subject to the disclosure limitations.
Very truly yours,
 ROBERT T. STEPHAN Attorney General of Kansas
 Julene L. Miller Deputy Attorney General
RTS:JLM:jm