No. 48,598

STATE OF KANSAS, *Appellant,* v. WALTER JAY ROSEBERRY, *Appellee.*

(567 P.2d 883)

Opinion filed July 11, 1977.

*Michael D. Reed,* assistant district attorney, argued the cause, and *Curt T. Schneider,* attorney general, *Dennis W. Moore,* district attorney, and *Karen K. Clegg,* assistant district attorney, were with him on the brief for the appellant.

*Richard T. Merker,* of Wallace, Saunders, Austin, Brown & Enochs, of Overland Park, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: The State of Kansas appeals from an order dismissing criminal charges against Walter Jay Roseberry. Roseberry was charged under K.S.A. 21-3826 with feloniously introducing a drug, marihuana, into the Johnson county jail without the consent of the jailer.

The district court held that K.S.A. 21-3826 was invalid because it had been enacted by the legislature in violation of Article 2, Section 16, of the Constitution of the State of Kansas (K.S.A. Constitutions, 1976 Supp.). Article 2, Section 16, provides:

"No bill shall contain more than one subject, except appropriation bills and bills for revision or codification of statutes. The subject of each bill shall be expressed in its title. . . . The provisions of this section shall be liberally construed to effectuate the acts of the legislature."

The statute, K.S.A. 21-3826, was enacted and appears in the

Laws of 1970, Chapter 127 (House Bill No. 1853) with the following enacting clause:

"AN ACT amending the Kansas criminal code; concerning traffic in contraband in a *penal institution;* amending K.S.A. 1969 Supp. 21-3826 and repealing the existing section." (Emphasis supplied.)

The statute provides:

"Traffic in contraband in a penal institution is introducing or attempting to introduce into or upon the grounds of *any institution under the supervision and control of the director of penal institutions or any jail,* or taking, sending, attempting to take or attempting to send therefrom or any unauthorized possession while in aforesaid institution or distributing within any aforesaid institution, any narcotic, synthetic narcotic, drug, stimulant, sleeping pill, barbiturate, nasal inhaler, alcoholic liquor, intoxicating beverage, firearm, ammunition, gun powder, weapon, hypodermic needle, hypodermic syringe, currency, coin, communication, or writing without the consent of the warden, superintendent or jailer.

"Traffic in contraband in a penal institution is a class E felony." (K.S.A. 21-3826. Emphasis supplied.)

The defendant Roseberry successfully argued in the trial court that the use of the term "penal institutions" in the title, or enacting clause, is not broad enough to encompass the subject matter of the statute which includes both "state penal institutions" and "jails". We do not agree.

The constitution should be liberally construed to give the law-making power all freedom not positively prohibited, and an act is to be given liberal construction with all doubts resolved in favor of its constitutionality for the purpose of carrying into effect the will of the legislature. (*Brickell v. Board of Education,* 211 Kan. 905, 508 P.2d 996.) Provisions of Article 2, Section 16, of the Kansas Constitution are a mandate to the legislature that no bill enacted into law shall contain more than one subject and that subject must be clearly expressed in the title, but it is not necessary that the title be an abstract of the entire act. It is sufficient if the title indicates clearly the general scope of the act and if details in the body of the act are all germane to the subject expressed in the title. When attacked as violating the foregoing constitutional provision, a title of an act will be liberally construed. (*Westover v. Schaffer,* 205 Kan. 62, 468 P.2d 251; *Brickell v. Board of Education,* supra, Syl. 2.) The purpose of a title is to direct the attention to the contents of the bill or act so that members of the legislature and the public may be fairly informed as to what it embraces. (*Westover v. Schaffer,* supra; *State v. Hruska,* 219 Kan. 233, 243, 547 P.2d 732.)

A court should not declare a statute violative of Article 2, Section 16, of the Constitution of the State of Kansas unless invalidity is manifest. (*State v. Morton,* 158 Kan. 503, 148 P.2d 760.) The general term "penal institution" is not a term of art. It is general both in nature and meaning. "Penal" is commonly understood as referring to that which inflicts punishment. "Institution" is commonly used in referring to an establishment of a public nature and extends to buildings in use for the purpose of such institution. (Webster's Third New International Dictionary Unabridged.) State penal institutions are generally under the control and supervision of the State Director of Penal Institutions. Local penal institutions, commonly referred to as jails, are generally under the control and supervision of a county or city officer referred to as a jailer. When the two words "penal institutions" are used without further qualification they refer to penal institutions under the supervision of both state and local authorities.

The title or enacting clause of House Bill No. 1853, Laws of 1970, Chapter 127 (K.S.A. 21-3826) is sufficiently broad to cover both state penal institutions and local penal institutions (jails), and is not violative of Article 2, Section 16, of the Constitution of the State of Kansas. The title is sufficient to call to the attention of the members of the legislature and the general public the subject matter dealt with in the body of the bill.

The defendant argued below that the term "institution" as defined in Article 46 of K.S.A. (sentencing procedures) is limited to state institutions under the control and supervision of the Director of Penal Institutions. (K.S.A. 21-4602[5].) He contends this establishes the legislative meaning attributable to the term "penal institution". We do not agree. K.S.A. 21-4602 specifically limits the definition set forth therein to words and terms "as used in this article." The definition provided for Article 46 does not extend to other statutes not included in that article such as K.S.A. 21-3826.

Defendant argued below and renews his argument on appeal that K.S.A. 21-3826 is unconstitutional in that its enforcement results in a denial of equal protection of the law. He points out that a jailer who smuggles liquor into a jail is guilty of a misdemeanor under K.S.A. 19-1907, yet a prisoner who smuggles

marihuana or liquor into a jail is guilty of a felony—the penalties being unequal in severity.

The two statutes proscribe two different crimes and any inequalities in the penalties assessed are a subject to be addressed by the legislature and not by the courts. The argument made was not accepted by the trial court and we find it without merit.

The order dismissing the charges against Walter Jay Roseberry is reversed and the case is remanded for further proceedings.