No. 53,952

STATE OF KANSAS, *Appellant*, v. ERNEST L. LACKEY, PRESIDENT OF LACKEY TANK SERVICE, INC., *Appellee*.

(657 P.2d 40)

Opinion filed January 14, 1983.

*Philip D. Lunt*, county attorney, argued the cause, and *Robert T. Stephan*, attorney general, was with him on the brief for the appellant.

*William L. Mitchell*, of Mitchell & Henry, of Hutchinson, argued the cause, and *Randall C. Henry*, of the same firm, was with him on the brief for the appellee.

*Brian J. Moline*, general counsel, and *John Jay Rosacker*, assistant general counsel, were on the *amicus curiae* brief for the State Corporation Commission.

The opinion of the court was delivered by

WILLIAM D. CLEMENT, District Judge, Assigned: The State of Kansas appeals the dismissal of a criminal complaint filed against Lackey Tank Service, Inc., for an alleged violation of K.S.A. 1981 Supp. 55-904(*a*)(1). It was claimed appellee's tank truck operator dumped salt water from the truck onto a country road in Pratt County, Kansas. The trial court held K.S.A. 1981 Supp. 55-904(*a*)(1) violated the Constitution of the United States and the Constitution of the State of Kansas because the statute's language was vague. We agree.

The questioned portion of the statute provides:

"(*a*) It shall be unlawful for any person, firm, corporation, partnership or other association of persons:

"(1) To dispose of or cause the disposal of salt water or waters containing minerals in an appreciable degree produced in conjunction with the production of oil or natural gas except in the manner and locations prescribed by K.S.A. 55-1003 and K.S.A. 1980 Supp. 55-901 and rules and regulations adopted pursuant to such sections or as provided by K.S.A. 65-161 to 65-171f, inclusive, and rules and regulations adopted pursuant to such sections."

The statute regulates the disposal of salt water or waters contain-

ing minerals in an appreciable degree produced in conjunction with the drilling for oil or natural gas.

Statutes are presumed to be constitutional:

" 'The constitutionality of a statute is presumed, all doubts must be resolved in favor of its validity, and before the statute may be stricken down, it must clearly appear the statute violates the constitution.'

" 'In determining constitutionality, it is the court's duty to uphold a statute under attack rather than defeat it and, if there is any reasonable way to construe the statute as constitutionally valid, that should be done.' " *Cardarella v. City of Overland Park,* 228 Kan. 698, 700, 620 P.2d 1122 (1980).

Penal statutes are to be strictly construed against the State. *State v. Kearns,* 229 Kan. 207, 623 P.2d 507 (1981). The statute should be viewed in light of those subject to it. *Cardarella,* 228 Kan. at 703.

A statute must be sufficiently definite to meet due process standards. This requirement has been stated by the United States Supreme Court and the Kansas Supreme Court.

Justice Black wrote:

"It is established that a law fails to meet the requirements of the Due Process Clause if it is so vague and standardless that it leaves the public uncertain as to the conduct it prohibits or leaves judges and jurors free to decide, without any legally fixed standards, what is prohibited and what is not in each particular case." *Giaccio v. Pennsylvania,* 382 U.S. 399, 402-03, 15 L.Ed.2d 447, 86 S.Ct. 518 (1966).

Chief Justice Warren wrote in *United States v. Harriss,* 347 U.S. 612, 617, 98 L.Ed. 989, 74 S.Ct. 808 (1954):

"The constitutional requirement of definiteness is violated by a criminal statute that fails to give a person of ordinary intelligence fair notice that his contemplated conduct is forbidden by the statute. The underlying principle is that no man shall be held criminally responsible for conduct which he could not reasonably understand to be proscribed."

In Kansas definiteness is also required. Justice Fromme wrote:

"The test to determine whether a criminal statute is unconstitutionally void by reason of being vague and indefinite is whether its language conveys a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice. If a statute conveys such warnings it is not void for vagueness. Conversely, a statute which either requires or forbids the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application is violative of due process." *State v. Norris,* 226 Kan. 90, 91-92, 595 P.2d 1110 (1979).

"At its heart the test for vagueness is a commonsense determination of fun-

damental fairness." *Kansas City Millwright Co., Inc. v. Kalb,* 221 Kan. 658, 663, 562 P.2d 65, *modified* 221 Kan. 752 (1977).

A two-pronged inquiry was utilized in *Cardarella,* 228 Kan. 698, in determining whether an ordinance was void for vagueness: (1) whether the ordinance gives fair warning to those persons potentially subject to it, and (2) whether the ordinance adequately guards against arbitrary and discriminatory enforcement. *Cardarella,* 228 Kan. at 702. *In re Brooks,* 228 Kan. 541, 618 P.2d 814 (1980), also contains a recent review of the tests for vagueness noting the distinction between criminal conduct statutes and others.

The trial court specifically noted the absence of a definition of salt water in the statute and the vagueness of the words "minerals in an appreciable degree." The trial court stated all water contains some salt and some minerals. Different types of water may be pumped from the earth in oil and gas drilling projects. Neufeld wrote in *The Kansas Water Appropriation Statutes and Their Effect Upon the Oil and Gas Industry in Kansas,* 50 J.B.A.K. 43, 46 (1981):

"Water is also produced with oil and gas as a by-product of the pumping operation. Oil, gas, and water are commonly located in the same geological strata and are pumped and captured together. The amount of water pumped to the surface with the oil varies with each well, as does the quality of the water. As a function of the geological occurrence and formation of oil and gas deposits, the water within that same strata will be produced with the oil or gas. Fresh water, water with varying degrees of minerals, or salt water may be produced."

Appreciable has been defined in various ways. Webster's Third New International Dictionary (1967) defines appreciable as capable of being perceived and recognized or of being weighed and appraised.

One court noted "appreciable" is capable of meaning either considerable or slight. *Noland v. Wootan,* 102 Ariz. 192, 427 P.2d 143 (1967). The nature of the word is vague. Definitions of the word emphasize the imprecise quality of it.

K.S.A. 1981 Supp. 55-904 does not state how much salt makes the water salty enough to be considered salt water within the statute. Webster's defines salt water as water impregnated with salt. Water containing a large amount of salt is Random House's definition. Neither does the statute specify what minerals are contemplated.

K.S.A. 1981 Supp. 55-904 was amended by the 1982 legislature.

The new statute, effective July 1, 1982, defines salt water and removes the phrase "waters containing minerals in an appreciable degree." The amended statute provides in part:

"K.S.A. 1981 Supp. 55-904 is hereby amended to read as follows: 55-904. (a) It shall be unlawful for any person, firm, corporation, partnership or other association of persons:

"(1) To dispose of or cause the disposal of salt water produced in conjunction with the production of oil or natural gas except in the manner and locations prescribed by K.S.A. 55-1003 and K.S.A. 1981 Supp. 55-901 and rules and regulations adopted pursuant to such sections or as provided by K.S.A. 65-161 to 65-171f, inclusive, and rules and regulations adopted pursuant to such sections; . . . .

"(b) As used in this section 'salt water' means water containing more than 5,000 milligrams per liter chlorides." L. 1982, ch. 229.

The new statute does not control the result here but illustrates that others felt the old statute was not specific.

Appellee also contends Art. 2, § 16 of the Kansas Constitution is violated because the title of the chapter did not mention water containing minerals. The title provided:

"An Act concerning the disposal of certain salt water; concerning notice to be given in the department of health and environment and to the corporation commission; declaring certain acts relating thereto unlawful and prescribing a penalty therefor; repealing K.S.A. 55-902." L. 1981, ch. 223.

The subject of each bill should be expressed in its title, but the title need not be a synopsis or abstract of the details of the entire act. *Brickell v. Board of Education,* 211 Kan. 905, 508 P.2d 996 (1973); *State v. Roseberry,* 222 Kan. 715, 567 P.2d 883 (1977). This bill title properly identifies the subject of the legislation.

The question is whether the statute gives fair notice of what is prohibited. Fundamental fairness is the touchstone. The statute is too vague. A clear standard of performance is not set. The Kansas legislature seemed to have had similar thoughts for they amended the law. The old statute violates the Due Process Clause of the 14th Amendment of the United States Constitution and Section 10 of the Kansas Bill of Rights.

Affirmed.