234 Kan. 1044 (1984)
677 P.2d 1011
STATE OF KANSAS, Appellant,
v.
EVELYN M. ROSE, Appellee.
No. 55,834
Supreme Court of Kansas.
Opinion filed February 18, 1984.
David E. (Rick) Roberts, assistant county attorney, argued the cause, and Robert T. Stephan, attorney general, and Timothy J. Chambers, county attorney, were with him on the brief for the appellant.
Randall C. Henry, of Mitchell and Henry, of Hutchinson, argued the cause and was on the brief for the appellee.
The opinion of the court was delivered by
SCHROEDER, C.J.:
This is an appeal by the State in a criminal action from an order of the Reno County District Court dismissing a complaint charging Evelyn M. Rose (defendant-appellee) with operating a vehicle equipped with one-way glass adjacent to the driver's seat, in violation of K.S.A. 8-1749a. The district court ruled the statute was unconstitutionally vague because it required persons of ordinary intelligence to guess at the statute's meaning and differ as to its application. We reverse.
It is not necessary to recite the facts in detail. The defendant was issued a Uniform Notice to Appear and Complaint by the Kansas Highway Patrol on December 19, 1982, charging her with a violation of K.S.A. 8-1749a. On May 9, 1983, following a hearing before the district court, the defendant's motion to dismiss was granted by the district court on the ground the statute is *1045 unconstitutionally vague and therefore invalid. The State has duly perfected this appeal pursuant to K.S.A. 22-3602(b).
The questioned portion of K.S.A. 8-1749a, which the defendant allegedly violated, reads:
"(a) From and after July 1, 1978, no motor vehicle required to be registered in this state and which is operated on the highways of this state shall be equipped with one-way glass or any adhesive film or other glaze or application on or in the front windshield, side wings or side windows on either side forward of or adjacent to the operator's seat, which prohibits or substantially impairs the ability to see into such motor vehicle from the outside, nor shall any new motor vehicle which is sold in this state be so equipped." (Emphasis added.)
The test of whether a statute is so vague and indefinite that it fails to inform an accused of the nature and basis for the charges against him or her is the same under Section 10 of the Kansas Bill of Rights as it is under the due process clause of the Fourteenth Amendment of the United States Constitution. State v. Norris, 226 Kan. 90, 91, 595 P.2d 1110 (1979), and cases cited therein. This court has adopted certain principles to consider in determining the constitutionality of a statute. These principles were recently summarized in State v. Dunn, 233 Kan. 411, 418, 662 P.2d 1286 (1983):
"In State v. Lackey, 232 Kan. 478, 479, 657 P.2d 40 (1982), we recognized that the constitutionality of a statute is presumed, that all doubts must be resolved in favor of its validity, and before the statute may be stricken down, it must clearly appear the statute violates the Constitution. In determining constitutionality, it is the court's duty to uphold a statute under attack rather than defeat it and, if there is any reasonable way to construe the statute as constitutionally valid, that should be done. See also State v. Carpenter, 231 Kan. 235, 237, 642 P.2d 998 (1982); Cardarella v. City of Overland Park, 228 Kan. at 700. A statute must be sufficiently definite to meet due process standards. The test to determine whether a criminal statute is unconstitutional by reason of being vague and indefinite is whether its language conveys a sufficiently definite warning as to the conduct proscribed when measured by common understanding and practice. A statute which either requires or forbids the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application is violative of due process. At its heart, the test for vagueness is a common sense determination of fundamental fairness. State v. Lackey, 232 Kan. at 479-80; State v. Carpenter, 231 Kan. at 237; Cardarella v. City of Overland Park, 228 Kan. at 703. See also Grayned v. City of Rockford, 408 U.S. 104, 108, 33 L.Ed.2d 222, 92 S.Ct. 2294 (1972). In determining whether an ordinance is void for vagueness two inquiries are appropriate: (1) whether the ordinance gives fair warning to those persons potentially subject to it, and (2) whether the ordinance adequately guards against arbitrary and discriminatory enforcement. Cardarella v. City of Overland Park, 228 Kan. at 702; State v. *1046 Lackey, 232 Kan. at 480. See also Hejira Corp. v. MacFarlane, 660 F.2d at 1365; Casbah, Inc. v. Thone, 651 F.2d 551, 558 (8th Cir.1981). In Cardarella v. City of Overland Park, 228 Kan. at 706, we also noted: (1) upon challenges for vagueness greater leeway is afforded statutes regulating business than those proscribing criminal conduct; and (2) a statute is not to be struck down only because marginal cases could be put where doubts might arise."
See also State v. Fisher, 230 Kan. 192, 192-93, 631 P.2d 239 (1981); In re Brooks, 228 Kan. 541, 543-45, 618 P.2d 814 (1980); State v. Randol, 226 Kan. 347, 348-49, 597 P.2d 672 (1979); State v. Norris, 226 Kan. at 91; State v. Kirby, 222 Kan. 1, 3-4, 563 P.2d 408 (1977). The test enunciated above is consistent with that recognized by the United States Supreme Court. See Giaccio v. Pennsylvania, 382 U.S. 399, 402-03, 15 L.Ed.2d 447, 86 S.Ct. 518 (1966); United States v. Harriss, 347 U.S. 612, 617, 98 L.Ed. 989, 74 S.Ct. 808 (1954). In addition Kansas has long held a statute will not be declared void for vagueness and uncertainty where it employs words commonly used, previously judicially defined or having a settled meaning in law. In re Brooks, 228 Kan. at 544. Furthermore, penal statutes are to be strictly construed against the state and should be viewed in light of those subject to it. State v. Lackey, 232 Kan. 478, 479, 657 P.2d 40 (1983). The standard of certainty required is higher in statutes punishing for offenses than in cases depending primarily upon civil sanctions for enforcement. 21 Am.Jur.2d, Criminal Law § 17. A statute is also more readily upheld against a charge of vagueness if the offense is one which requires a specific intent. See State v. Dunn, 233 Kan. at 421, 422; 21 Am.Jur.2d, Criminal Law § 17.
The trial court held the requirement contained in 8-1749a, that the ability to see into the vehicle from the outside be "substantially" impaired, does not sufficiently provide a standard by which persons of common intelligence can understand what conduct is prohibited. The court found the definition of "substantially" was of an imprecise quality, likening it to the word "appreciable" which was found in State v. Lackey, 232 Kan. 478, to be vague by its very nature. The court further pointed out the offense is capable of a more precise definition as the Texas Department of Public Safety has done in the promulgation of its regulations under the Texas statute.
The phrase "real or substantial value" contained in the Dairy Practices Act, K.S.A. 50-503(a)(Corrick), was challenged as being unconstitutionally vague and indefinite in State, ex. rel., v. *1047 Fairmont Foods Co., 196 Kan. 73, 80, 410 P.2d 308 (1966). Applying the principles enunciated above, the court held the qualifying term "substantial" as used there to be reasonably definite, stating:
"The terms `real value' and `substantial value' connote an objective existence. The adjective `real' is defined as `actual, of or relating to things; having an objective independent existence.' (Webster's Third New International Dictionary.) The adjective `substantial' in the same dictionary is defined as `not seeming or imaginary: not illusive: real, true.'
"These terms, `real' and `substantial,' add certainty and objectivity to the word `value.' The expression `other things having a real or substantial value' provides a reasonably definite objective standard which one reading the act can understand and contemplate what conduct it is that the act proscribes."
In a suit for damages for pollution of a stream caused by saltwater and noxious refuse from an oil field, the court in Seglem v. Skelly Oil Co., 145 Kan. 216, 218-19, 65 P.2d 553 (1937), made the following comments regarding the meaning of "substantial":
"The adjective `substantial' is a familiar and convenient word used to appraise the sufficiency of evidence to withstand a demurrer or to sustain a verdict, in contradistinction to evidence which is too insubstantial, too attenuated, too shadowy to be the basis of an adjudication on controverted facts in litigation. In 4 Words and Phrases, 2d, Sec. 750, the word is defined thus:
"`"Substantial" means "belonging to substance; actually existing; real; ... not seeming or imaginary; not illusive; real; solid; true; veritable." (Elder v. State, 50 South. 370, 374, 162 Ala. 41, citing Webst. Int. Dict.)'
"Under this definition of `substantial,' plaintiffs' own evidence was clear and incontrovertible that long prior to 1932, before the death of their father in 1931, there had been an `actually existing' invasion of the rights of the farm owner caused by the wrongdoing of defendants; that such tortious acts or negligence of defendants were `real,' `not seeming or imaginary,' `not illusive,' `true,' `veritable.'"
The synonymous meanings of "substantial" and "material" were recognized in State v. Gordon, 219 Kan. 643, 653-54, 549 P.2d 886 (1976), while determining the degree of negligence necessary to convict under our vehicular homicide statute, K.S.A. 21-3405. In considering the 1972 amendments to the statute the court held the one change made in the statute by the amendment, replacing "substantial" with "material," was in essence no change at all, as "substantial" and "material" have been construed as synonymous terms.
In a similar case this court considered whether the phrase "material deviation" contained in the vehicular homicide statute *1048 was unconstitutionally vague and indefinite. In rejecting the defendant's unconstitutional arguments the court in State v. Randol, 226 Kan. 347, emphasized that the mere fact there may be marginal cases in which it is difficult to determine under the particular fact situation whether or not the conduct violates the statute, or the fact that the specified standard of liability may be one of varying degree, does not by itself render the language contained in the statute so ambiguous as to be unconstitutional. The court stated:
"There is no limit to the terminology used in criminal cases which is not subject to specific definition which would apply to all facts and circumstances. A few that readily come to mind include: beyond a reasonable doubt; prudent man; greater weight of the evidence; clear and convincing evidence; a preponderance of the evidence; reasonable man; substantial rights; prejudicial error, etc. All such terms require the trier of the facts or the court on appeal to apply a general standard, not a specific one, to the circumstances in the particular case." 226 Kan. at 352.
Recognizing the terms "substantial" and "material" are synonymous and have been considered in hundreds of appellate decisions (citing 26A Words and Phrases, pp. 209-294; 40 Words and Phrases, pp. 757-853), the court held the term "material deviation" as used in the vehicular homicide statute is not unconstitutional as being vague and indefinite:
"Material is a relative term which must be gauged by all the circumstances surrounding the transaction or event to which it refers. It imports a considerable amount in opposition to that which is inconsequential or small. It is serious as opposed to trivial or minimal. It is extraordinary as opposed to ordinary. It is major as opposed to minor. In short, when applied to the statute in question it is more than the everyday minimal departures from the ordinary standard of care required by our vehicle and traffic statutes and ordinances yet something less than the reckless disregard and complete indifference and unconcern which are inherent in the more serious offenses involving gross or wanton conduct. A driver of a vehicle exceeding the speed limit by 5 miles per hour would be in violation of the statute or ordinance establishing the same but would not be considered to be materially deviating from the standard. On the other hand a violation of exceeding the limit by 30 miles per hour, under certain circumstances such as in a school zone, might be a material deviation. We recognize that the use of synonyms and antonyms to define or describe a term in a criminal statute does not result in that degree of specificity that would be ideal; however, when the terms of the statute and the words used to define them are words of general usage, commonly known and understood by the public, they are sufficient to meet constitutional muster." (Emphasis added.) 226 Kan. at 354.
The court concluded by stating that when measured against the *1049 parameters of ordinary negligence on the one hand and gross and wanton negligence on the other, the words "material deviation," as used in 21-3405, were not unconstitutionally vague.
Cases from other states discussing the meaning of "substantial" or "substantially" are far too numerous to cite or discuss here. See 40 Words and Phrases, pp. 757-853, and 1983 Pocket Supp., pp. 134-205.
As these cases illustrate, the qualifying term "substantially," as used in K.S.A. 8-1749a, has a well-recognized and understood meaning. It is defined in Black's Law Dictionary 1281 (5th ed. 1979), as "[e]ssentially; without material qualification; in the main; in substance; materially; in a substantial manner. About, actually, competently, and essentially." "Substantial" is defined in the same dictionary at 1280 as "actually existing; real; not seeming or imaginary; not illusive; solid; true; veritable .... Synonymous with material." Webster's New Collegiate Dictionary 1153 (1981) defines "substantial" in part as "being largely but not wholly that which is specified."
By definition the term is relative and must be considered within the context of the particular fact situation; in essence it means less than totally or the whole, but more than imaginary. As such, the standard proscribed by the use of "substantially" in 8-1749a establishes with reasonable certainty what conduct is violative of the statute and subject to punishment. The use of "substantially" in 8-1749a is similar to the use of "material deviation" in K.S.A. 21-3405, which we held in State v. Randol was not unconstitutionally vague and indefinite when the standard proscribed therein is measured against the parameters of ordinary negligence on the one hand and gross and wanton negligence on the other. 226 Kan. at 355. "Substantially" is a word of general usage, commonly known and understood by the public, which provides a reasonably definite objective standard by which one reading the statute can understand and contemplate what conduct it is that the act proscribes. The statute prohibits motor vehicles from being equipped with one-way glass or other substances applied to the windows forward of or adjacent to the driver's seat, which prohibits or substantially impairs the ability to see into the motor vehicle from the outside. The gravamen of the offense is clearly the impairment of visibility into the motor vehicle from the outside. Operators and *1050 owners of vehicles are clearly and sufficiently warned they cannot install one-way glass or apply other substances to the windshield and side windows of a car or other vehicle which prevents or impairs the ability to view the inside of the vehicle from the outside.
The trial court relied upon State v. Lackey, 232 Kan. 478, wherein the word "appreciable," as used in a statute regulating the disposal of salt water produced in conjunction with the drilling of oil or gas, was recognized by the court as having been defined in various ways. It was capable of meaning either considerable or slight, which are adjectives of opposite meanings, and by its very nature was vague, and therefore unconstitutional. Such is not true with the term "substantially" as used in K.S.A. 8-1749a. It defines a standard between the extremes of total and complete impairment and slight impairment, similar to the use of the phrase "material deviation" discussed in State v. Randol, which was held not to be unconstitutionally vague.
The fact the Texas Department of Public Safety has chosen to use mathematical criteria in its regulation defining this offense under the relevant Texas statute does not render our statute unconstitutionally vague or indefinite. The question is whether the statute forbids the doing of an act in terms so vague that persons of common intelligence must necessarily guess at its meaning and differ as to its application, not whether the offense is capable of a more definite or precise definition. The Texas statute, Tex. Stat. Ann. art. 6701d, § 134B (Vernon 1977), reads in pertinent part:
"(a) No person shall drive a motor vehicle with any sign, poster or other nontransparent material upon the front windshield, side wings or side or rear windows of such vehicle which materially obstructs, obscures, or impairs the driver's clear view of the highway or any intersecting highway."
In comparison, K.S.A. 8-1749a is much more extensive and precise in its definition of the types of windows or substances applied to windows of motor vehicles which are prohibited by the statute. The fact the Texas Department of Public Safety, a regulatory administrative agency, has adopted standards further defining the offense proscribed by the Texas statute in terms of *1051 mathematically measured criteria, is not a persuasive consideration to the present inquiry before this court.
Accordingly, we hold K.S.A. 8-1749a defines with reasonable certainty what conduct is prohibited when measured by common understanding and practice, and therefore is not unconstitutional as being vague and indefinite. The decision of the lower court is reversed and the case is remanded.