No. 57,790

STATE OF KANSAS, *Appellant*, v. STEVEN M. COLE, *Appellee*.

(710 P.2d 25)

Opinion filed December 6, 1985.

*Geary N. Gorup,* assistant district attorney, argued the cause, and *Robert T. Stephan,* attorney general, and *Clark V. Owens,* district attorney, were with him on the brief for appellant.

*Ernest L. Tousley,* of O'Hara, O'Hara & Tousley, of Wichita, argued the cause and was on the brief for appellee.

The opinion of the court was delivered by

HERD, J.: The State appeals from the district court's grant of defendant's motion for dismissal and discharge prior to the presentation of evidence at the preliminary hearing.

Appellee Steven Cole, an inmate in the Sedgwick County Jail, was charged with possession of a weapon without authorization or consent of the jailer in violation of K.S.A. 21-3826. A preliminary hearing was scheduled for January 7, 1985. Prior to the presentation of evidence, Cole moved to dismiss on the ground his acts, as alleged by the State in its complaint/information, did not constitute a crime as defined by K.S.A. 21-3826.

Specifically, Cole argued the provision in K.S.A. 21-3826 which prohibits the unauthorized possession or distribution of

contraband in a penal institution is not applicable to the possession of a weapon in a county jail.

The district court determined the statute was "poorly worded" and, if strictly construed, precluded imposition of charges against the defendant. The State appeals the district court's dismissal of the charges against the defendant.

The sole issue to be considered on appeal is whether the district court erred in finding K.S.A. 21-3826 does not prohibit the unauthorized possession of a weapon by a prisoner in a county jail.

Let us examine K.S.A. 21-3826, which provides:

"*Traffic in contraband in a penal institution* is introducing or attempting to introduce into or upon the grounds of *any institution* under the *supervision* and *control* of the *director* of *penal institutions* or any *jail*, or taking, sending, attempting to take or attempting to send therefrom or any unauthorized possession while in *aforesaid institution* or distributing within any aforesaid institution, any narcotic, synthetic narcotic, drug, stimulant, sleeping pill, barbiturate, nasal inhaler, alcoholic liquor, intoxicating beverage, firearm, ammunition, gun powder, weapon, hypodermic needle, hypodermic syringe, currency, coin, communication, or writing *without the consent of the warden, superintendent or jailer.*

"Traffic in contraband in a penal institution is a class E felony." (Emphasis added.)

Appellee argues, and the trial court held, the act fails to include "jails" in that portion of the statute referring to unauthorized possession of contraband. He argues the act prohibits only unauthorized possession of contraband in the "aforesaid institution." Since the statute previously refers to "any institution under the supervision and control of the director of penal institutions *or any jail,*" (emphasis added) Cole argues the term "aforesaid institution" refers only to institutions under the control of the director of penal institutions.

Before considering the arguments of the parties, let us review the rules of statutory construction.

The fundamental rule of statutory construction is that the purpose and intent of the legislature governs when the intent can be ascertained from the statute. In construing statutes, the legislative intention is to be determined from a general consideration of the entire act. Effect must be given, if possible, to the entire act and every part thereof. To this end, it is the duty of the court, as far as practicable, to reconcile the different provisions so as to make them consistent, harmonious, and sensible. *State v. Du-*

*bish,* 236 Kan. 848, 853, 696 P.2d 969 (1985); *State v. Flummer-felt,* 235 Kan. 609, 612, 684 P.2d 363 (1984).

Penal statutes must be strictly construed in favor of persons sought to be subjected to their operations. The rule of strict construction simply means that ordinary words are to be given their ordinary meaning. Such a statute should not be read to add that which is not readily found therein or to read out what as a matter of ordinary English language is in it. *State v. Zimmerman & Schmidt,* 233 Kan. 151, 155, 660 P.2d 960 (1983); *National Cooperative Refinery Ass'n v. Board of McPherson County Commr's,* 228 Kan. 595, 597, 618 P.2d 1176 (1980).

The State contends that we need not interpret K.S.A. 21-3826 because our holding in *State v. Roseberry,* 222 Kan. 715, 567 P.2d 883 (1977), is dispositive of the issue in this case.

In *Roseberry,* the defendant was charged under K.S.A. 21-3826 with feloniously introducing marijuana into a county jail without the consent of the jailer. The defendant successfully argued in the trial court that the use of the term "penal institutions" in the title of the act was not broad enough to cover the subject matter of the statute which includes both "penal institutions" and "jails." Defendant contended that the statute violated Article 2, Section 16 of the Kansas Constitution, which mandates that no bill shall contain more than one subject and the subject of the bill should be expressed in the title. We held that when the two words "penal institutions" are used without further qualification, they refer to penal institutions under the supervision of both state and local authorities. Accordingly, we held:

"The title or enacting clause of House Bill No. 1853, Laws of 1970, Chapter 127 (K.S.A. 21-3826) is sufficiently broad to cover both state penal institutions and local penal institutions (jails), and is not violative of Article 2, Section 16, of the Constitution of the State of Kansas." 222 Kan. at 717.

While it is true the court in *Roseberry* was concerned with the constitutionality of K.S.A. 21-3826 and was not asked to decide which parts of the act pertain to state penal institutions and which apply to jails, the reasoning of the court in *Roseberry* is instructive:

"The general term 'penal institution' is not a term of art. It is general both in nature and meaning. 'Penal' is commonly understood as referring to that which inflicts punishment. *'Institution' is commonly used in referring to an establishment of a public nature and extends to buildings in use for the purpose of such institution.* (Webster's Third New International Dictionary Unabridged.) State

penal institutions are generally under the control and supervision of the State Director of Penal Institutions. Local penal institutions, commonly referred to as jails, are generally under the control and supervision of a county or city officer referred to as a jailer. When the two words 'penal institutions' are used without further qualification they refer to penal institutions under the supervision of both state and local authorities." 222 Kan. at 717. (Emphasis added.)

The word "institution," if given its ordinary meaning (as required by the rules of statutory construction), is broad enough to encompass county jails. Therefore, the prohibition in K.S.A. 21-3826 against "any unauthorized possession while in aforesaid institution" prohibits possession of contraband both in state institutions under the control of the director of penal institutions and in jails. Also, appellee's argument ignores the fact that the phrase in K.S.A. 21-3826 "traffic in contraband in a penal institution" is defined therein as "introducing or attempting to introduce into or upon the grounds of any institution under the supervision and control of the director of penal institutions or any jail . . . ." Thus, the clear language of the statute makes a jail a penal institution under this act. Therefore, where the act refers back to "aforesaid institution" with reference to possession of contraband, it is referring to jails as well as other institutions.

Considering the plain language of K.S.A. 21-3826 in light of our holding in *Roseberry* that the term "penal institutions" includes county jails, there can be no question unauthorized possession of contraband is prohibited in county jails.

Finally, the last phrase of K.S.A. 21-3826 requires our consideration since it is applicable to the entire portion of the statute preceding it. The statute provides that the introduction of contraband or the unauthorized possession or distribution of contraband constitutes "traffic in contraband" and is a felony if accomplished "without the consent of the warden, superintendent or *jailer*." (Emphasis added.) The inclusion of the term "jailer" is significant since it relates back to the phrase "unauthorized possession while in aforesaid institution." If unauthorized possession was not prohibited in the county jail, the consent of the jailer would be of no consequence.

Appellee argues that had the legislature intended to prohibit the possession of contraband in jails, it could have added the phrase "or any jail" as it did in the preceding clause. Cole suggests the legislature intended possession of contraband to be

a crime only in state penal institutions. This argument is without merit since no valid distinction can be made between possession of contraband in a state penal institution and possession of contraband in a jail. In enacting K.S.A. 21-3826, the legislature intended to proscribe the introduction of contraband into penal institutions. This purpose cannot be reconciled with appellee's argument that the legislature did not intend to prohibit the possession of contraband in local penal institutions.

The judgment of the trial court is reversed and this case remanded for further proceedings consistent with this decision.