(716 P.2d 594)

No. 57,708

STATE OF KANSAS, *Appellee*, v. ROBERT D. WARD, *Appellant*.

Opinion filed April 3, 1986.

*Julie McKenna*, of Salina, for the appellant.

*David Lipe Serrault*, county attorney, and *Robert T. Stephan*, attorney general, for the appellee.

Before ABBOTT, C.J., PARKS, J., and HARRY G. MILLER, District Judge Retired, assigned.

PARKS, J.: Defendant Robert D. Ward appeals his bench trial conviction of making a false writing. K.S.A. 21-3711.

This case has been submitted to the court upon an agreed statement pursuant to Supreme Court Rule 3.05 (235 Kan. lxiv). The only issue raised in the agreed statement is: "Whether or not the statute Making a False Writing, K.S.A. 21-3711, is unconstitutional as being vague and indefinite and violates the defendant's due process under Section 10 of the Kansas Bill of Rights and the 14th Amendment of the United States Constitution."

The constitutionality of a statute is presumed and all doubts must be resolved in favor of its validity. If there is any reasonable way to construe a statute as constitutionally valid, that should be done. *State v. Rose*, 234 Kan. 1044, 1045, 677 P.2d 1011 (1984). The test to determine whether a criminal statute is unconstitutionally vague is whether its language conveys a sufficiently definite warning as to the conduct proscribed when measured by "common understanding and practice." If a statute requires or forbids the doing of an act in terms so vague that persons of common intelligence must guess at its meaning, it is unconstitutional. *State v. Rose*, 234 Kan. at 1045.

K.S.A. 21-3711 provides:

"Making a false writing is making or drawing or causing to be made or drawn any written instrument or entry in a book of account with knowledge that such

writing falsely states or represents some material matter or is not what it purports to be, and with intent to defraud or induce official action."

Defendant argues that this statute fails to convey a sufficiently definite warning as to the conduct proscribed because the term "instrument" is so vague and ambiguous that persons of common intelligence must guess at its meaning. We disagree.

K.S.A. 21-3711 is one of three statutes which describe offenses in the handling of a "written instrument." K.S.A. 1985 Supp. 21-3710 prohibits the forgery of a written instrument and K.S.A. 21-3712 proscribes the destruction of a written instrument with the intent to defraud. All three statutory provisions are supplemented by the general definitions stated in K.S.A. 21-3110, which includes the following definition of "written instrument":

" 'Written instrument' means any paper, document or other instrument containing written or printed matter or the equivalent thereof, used for purposes of reciting, embodying, conveying or recording information, and any money, token, stamp, seal, badge, trademark, or other evidence or symbol of value, right, privilege or identification, which is capable of being used to the advantage or disadvantage of some person." K.S.A. 21-3110(25).

In light of this definition, we cannot say that the term "instrument" is vague. Moreover, we believe the entirety of the provision proscribing the making of a false writing to be clear and well within the understanding of persons of common intelligence. We note that in *State v. Norris*, 226 Kan. 90, 91-93, 595 P.2d 1110 (1979), the Supreme Court was faced with a challenge to the constitutionality of the forgery statute, K.S.A. 21-3710. Although this statute is considerably more complicated than K.S.A. 21-3711, it shares some common terminology with the false writing statute. The Court found the forgery statute to be sufficiently definite and we believe the logic of that opinion applies equally here. See also *State v. Kee*, 238 Kan. 342, 711 P.2d 746 (1985).

Defendant also contends in his brief that the evidence is insufficient to support his conviction. However, the only issue raised by the agreed statement of facts is that of the constitutionality of K.S.A. 21-3711. Defendant is bound by his stipulation. Defendant is also responsible for furnishing a record showing reversible error. *State v. Bright*, 229 Kan. 185, Syl. ¶ 6, 623 P.2d 917 (1981). The stipulation does not provide a basis for determining the sufficiency of the evidence.

Affirmed.