NOT DESIGNATED FOR PUBLICATION

No. 116,824

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JAMES L. BOOTH,
*Appellant*.


MEMORANDUM OPINION


Appeal from Sedgwick District Court; JAMES R. FLEETWOOD, judge. Opinion filed September 15, 2017. Affirmed in part, vacated in part, and remanded with directions.

*Caroline M. Zuschek*, of Kansas Appellate Defender Office, for appellant.

*Lance J. Gillett*, assistant district attorney, *Marc Bennett*, district attorney, and *Derek Schmidt*, attorney general, for appellee.


Before HILL, P.J., ATCHESON and SCHROEDER, JJ.


PER CURIAM: James L. Booth appeals the revocation of his probation raising two issues: (1) The revocation statute, K.S.A. 2016 Supp. 22-3716(c)(9), is unconstitutionally vague; and (2) the district court failed to specify with particularity why it was bypassing intermediate sanctions and imposing his original sentence. We find K.S.A. 2016 Supp. 22-3716(c)(9) is not unconstitutionally vague, and Booth's argument on that point fails. Upon review of Booth's second issue, we find the district court did fail to specify with particularity why it was bypassing intermediate sanctions and imposing his original sentence. We affirm in part, vacate in part, and remand with directions.

1

Pursuant to a plea agreement, Booth pled guilty to possession of morphine. On April 19, 2016, the district court sentenced Booth to 28 months' imprisonment and then placed him probation for 12 months.

On June 16, 2016, the State alleged Booth violated the terms of his probation by failing to report to his probation officer on May 5 and 12, 2016; failing to obtain a drug and alcohol evaluation; and failing to pay court costs, fines, and restitution. The district court held a hearing on the State's allegations on June 30, 2016, and found Booth violated his probation. It imposed a two-day intermediate sanction and extended his probation for 12 months.

On July 28, 2016, the State again alleged Booth violated the terms of his probation by failing to report on July 7, 11, and 25, 2016. The State alleged: "The whereabouts of the defendant are unknown at this time." At the revocation hearing on September 1, 2016, Booth admitted to the violations. The State argued Booth's welfare was not served by further probation and the district court should revoke his probation and order the original sentence be served. Booth responded that he was terminally ill and he had been trying to get his health issues under control. The district court revoked his probation, stating:

> "Based on the defendant's history in this matter, it does not appear that he is a viable candidate for supervision within the community. And my initial finding was that, if he would be willing to enter into a treatment program here, that that would help him. That does not seem to be proven by his conduct throughout this process. Therefore, I do not believe *that his welfare is best served* on supervision within the community, and his probation will stand revoked. He is to serve the remainder of his sentence." (Emphasis added.)

Booth timely appealed.

ANALYSIS

*K.S.A. 2016 Supp. 22-3716(c)(9) is not unconstitutionally vague.*

Booth challenges the constitutionality of K.S.A. 2016 Supp. 22-3716(c)(9), arguing it is void for vagueness. He did not raise this issue before the district court and acknowledges he is raising this issue for the first time on appeal. Generally, appellate courts do not review constitutional claims for the first time on appeal. However, if the newly asserted theory involves only a question of law arising on proved or admitted facts and is finally determinative of the case, this court may consider the issue. *State v. Godfrey*, 301 Kan. 1041, 1043, 350 P.3d 1068 (2015). Booth raises this exception in his brief, and since the exception applies, we will address whether K.S.A. 2016 Supp. 22-3716(c)(9) is unconstitutionally vague.

Determining a statute's constitutionality is a question of law subject to unlimited review. The appellate courts presume statutes are constitutional and must resolve all doubts in favor of a statute's validity. Courts must interpret a statute in a way that makes it constitutional if there is any reasonable construction that would maintain the legislature's apparent intent. *State v. Petersen-Beard*, 304 Kan. 192, 194, 377 P.3d 1127, *cert. denied* 137 S. Ct. 226 (2016). To determine whether a statute is unconstitutionally vague requires a two-part test. First, a court must determine whether, in light of common understanding and practice, the statute provides a sufficiently definite warning and fair notice of the prohibited conduct. Then, a court determines whether the statute is precise enough to guard against arbitrary and discriminatory enforcement. Violation of either prong of this test is grounds for finding the statute unconstitutionally vague. *City of Lincoln Center v. Farmway Co-Op, Inc.*, 298 Kan. 540, 545, 316 P.3d 707 (2013).

Booth argues K.S.A. 2016 Supp. 22-3716(c)(9) fails both prongs of the test for vagueness. The State responds the statute is constitutional.

*Sufficiently definite warning and fair notice of the prohibited conduct*

K.S.A. 2016 Supp. 22-3716(c)(9) states, in relevant part:

> "The court may revoke the probation, assignment to a community correctional services program, suspension of sentence or nonprison sanction of an offender pursuant to subsection (c)(1)(E) without having previously imposed a sanction pursuant to subsection (c)(1)(B), (c)(1)(C) or (c)(1)(D) *if the court finds and sets forth with particularity the reasons for finding . . . that the welfare of the offender will not be served by such sanction*." (Emphasis added.)

Booth contends the italicized language is unconstitutionally vague because it provides insufficient notice "about what types of conduct could lead a court to conclude" an intermediate sanction would not serve the offender's welfare. He also contends it fails to differentiate between "a violation that indicates a welfare concern" and a violation for which an intermediate sanction is appropriate. Finally, he contends "it is difficult to imagine a scenario where an alternate sanction would not better serve an offender's welfare than prison."

"'[A] statute will not be declared void for vagueness and uncertainty where it employs words commonly used, previously judicially defined or having settled meaning in law.' *State v. Rose*, 234 Kan. 1044, 1046, 677 P.2d 1011 (1984)." *State v. Webber*, 260 Kan. 263, 289, 918 P.2d 609 (1996). The Kansas Supreme Court held:

> "When considering penalty provisions, we have explicitly rejected the rigorous approach to vagueness applied to statutes defining violations of the law. See *State v. Bailey*, 251 Kan. 156, 172-73, 834 P.2d 342 (1992). Because criminal conduct is a prerequisite to the application of sentencing statutes, the risk of infringing on constitutionally protected conduct is not involved; in addition, discretion is inherent in the sentencing process." *Webber*, 260 Kan. at 289.

4

K.S.A. 2016 Supp. 22-3716(c)(9) is similar to a sentencing statute because it is applicable only after a probation violation occurs. Further, like the sentencing process, the district court has discretion when revoking probation. See *State v. Skolaut*, 286 Kan. 219, 227-28, 182 P.3d 1231 (2008) (A district court's decision to revoke probation will not be overturned absent an abuse of discretion.). Since K.S.A. 2016 Supp. 22-3716(c)(9) is an extension of the sentencing statutes and does not define a crime, it is subject to a less rigorous approach to vagueness than a statute defining the violation of a crime.

Another panel of this court recently addressed this issue in *State v. Wesley*, No. 114,884, 2017 WL 462401 (Kan. App. 2017) (unpublished opinion), *petition for rev. filed* March 3, 2017. Wesley made a nearly identical argument, claiming K.S.A. 2015 Supp. 22-3716(c)(9) "'does not give persons of common intelligence insight into what types of conduct might lead a court to find that probation would not serve an offender's welfare.'" 2017 WL 462401, at *5. The panel disagreed, holding:

"Contrary to Wesley's claim, a person of common intelligence is adequately notified of the proscribed conduct under the offender welfare language of K.S.A. 2015 Supp. 22-3716(c)(9). The statute's terms plainly state, employing commonly used words, that a district court may bypass the intermediate sanctions where imposition of such sanctions does not serve an offender's welfare. See K.S.A. 2015 Supp. 22-3716(c)(9). Although the statute does not expressly limit any particular type of conduct, a probationer's actions on probation are restricted by their probation conditions. Certainly, an individual probationer is aware of the specific facts bearing on their own probation conditions and is able to determine whether any given action is in their best interests. In fact, under K.S.A. 2015 Supp. 21-6607 the conditions of probation imposed by the court are required to be given to a probationer in writing after sentencing. Wesley does not argue that any terms used in K.S.A. 2015 Supp. 22-3716(c)(9) are confusing or susceptible to ambiguous or differing meaning.

"Thus, Wesley fails to demonstrate that the offender welfare language of K.S.A. 2015 Supp. 22-3716(c)(9) provides inadequate notification of the proscribed conduct. See *State v. Williams*, 299 Kan. 911, 920, 329 P.3d 400 (2014) (party challenging statute has

5

the burden to overcome presumption of constitutionality). As such, his claim fails in this regard." *Wesley*, 2017 WL 462401, at *5-6.

Like Wesley, Booth does not argue any of the terms used in K.S.A. 2016 Supp. 22-3716(c)(9) are confusing or susceptible to ambiguous or differing meaning. Clearly, the statute adequately notifies a person of common intelligence what conduct is prohibited.

Booth also argues "it is difficult to imagine a scenario where an alternate sanction would not better serve an offender's welfare than prison." In *State v. Rogers*, No. 114,590, 2016 WL 7032242 (Kan. App. 2016) (unpublished opinion), *rev. denied* 306 Kan. ___ (August 31, 2017), Rogers made an identical argument. The *Rogers* panel was not persuaded, stating:

> "Such an argument cannot be supported by a plain reading of the challenged statute. This court will presume that the legislature does not intend to enact meaningless legislation. *State v. Frierson*, 298 Kan. 1005, 1013, 319 P.3d 515 (2014). If Rogers' argument was true, then K.S.A. 2015 Supp. 22-3716(c)(9) would be meaningless. The district court would never be able to utilize this provision in sentencing a probation violator to prison in that the court is required to specifically find that 'the welfare of the offender will not be served by such sanction.' Clearly, the legislature contemplated that there may be times when an offender's welfare would be better served in prison than on probation." *Rogers*, 2016 WL 7032242, at *6.

The reasoning of the *Wesley* and *Rogers* panels is persuasive. K.S.A. 2016 Supp. 22-3716(c)(9) is sufficiently definite and provides fair notice of the prohibited conduct. The statute does not fail the first prong of the test for vagueness.

*K.S.A. 2016 Supp. 22-3716(c)(9) guards against arbitrary and discriminatory enforcement.*

Booth quotes *State v. Bryan*, 259 Kan. 143, 146, 910 P.2d 212 (1996), for the proposition that a law must provide explicit standards to avoid being unconstitutionally vague. Booth claims K.S.A. 2016 Supp. 22-3716(c)(9) does not contain rules identifying how and when a district court should determine an offender's welfare will not be served by continued probation; therefore, it is unconstitutional. Next, Booth argues that nothing in K.S.A. 2016 Supp. 22-3716(c)(9) prevents discriminatory or arbitrary enforcement of the statute. We find this argument unpersuasive.

*Bryan* is not controlling precedent when dealing with a probation revocation statute. *Bryan*'s vagueness argument challenged the statute defining his crime of conviction, not a probation revocation statute. Since K.S.A. 2016 Supp. 22-3716(c)(9) is a probation revocation statute and does not define a crime, the rigorous approach in *Byran* about how a crime must be defined is inapplicable. See *Webber*, 260 Kan. at 289. As that court noted, "discretion is inherent in the sentencing process." 260 Kan. at 289. Requiring explicit standards would eliminate a court's discretion.

Further, the statute's safeguards prevent arbitrary enforcement. To impose an offender's sentence without first imposing intermediate sanctions, the district court must find and set forth *with particularity* the reasons for finding the offender's welfare will not be served by an intermediate sanction. K.S.A. 2016 Supp. 22-3716(c)(9). "[T]his court has clarified that '[w]hen something is to be set forth with particularity, it must be distinct rather than general, with exactitude of detail, especially in description or stated with attention to or concern with details.' [Citation omitted.]" *State v. McFeeters*, 52 Kan. App. 2d 45, 48, 362 P.3d 603 (2015). Despite Booth's contentions otherwise, K.S.A. 2016 Supp. 22-3716(c)(9) is sufficiently precise to guard against arbitrary and discriminatory enforcement.

*The district court failed to be particular in its findings.*

Booth does not challenge the district court's revocation of his probation. Instead, he argues the district court erred when it imposed his underlying sentence because the district court failed to set forth with particularity the reasons for finding his welfare would not be served by an intermediate sanction. The State contends the district court's explanation was sufficient to bypass intermediate sanctions and impose Booth's original sentence.

Whether the district court properly imposed a sentence after revoking probation is a question of law subject to unlimited review. Similarly, to the extent resolution of this issue requires statutory interpretation, our review is unlimited because interpretation of a statute is a question of law. *McFeeters*, 52 Kan. App. 2d at 47-48.

Pursuant to K.S.A. 2016 Supp. 22-3716(c)(9), before bypassing intermediate sanctions, the district court must find and set forth with particularity the reasons for finding the offender's welfare will not be served by an intermediate sanction.

> "[T]his court has clarified that '[w]hen something is to be set forth with particularity, it
> must be distinct rather than general, with exactitude of detail, especially in description or
> stated with attention to or concern with details.' Further, implicit findings are insufficient
> when particularized findings are required by statute. [Citations omitted.]" *McFeeters*, 52
> Kan. App. 2d at 48-49.

In *McFeeters*, the district court revoked McFeeters' probation, explaining:

> "'My major concern is drug usage. This is a drug case; you've failed to go to
> treatment. You only reported from the records that I see for about two months and I don't
> know how many UAs you had in two months, but I would venture to say you didn't have
> that many. You had one that you were dirty, you may have had more, I don't know how

8

many you had. That was one question I was going to ask Mr. James, unfortunately, he is not here today, but you stopped reporting in two months. I don't know about the drug treatment and what was set up and whether you could get in right away or not, but it seems to me if you had been on probation before, you knew what you needed to do, you did not do that, you picked up another charge in the meantime, albeit a minor charge, apparently, the municipal court charge, but I do have concerns. I read through last night your LSI-R report and the substance abuse evaluation and I think there was some question in the substance abuse evaluation how accurate your recollection was with regard to your usage of drugs. I think that there was some conflicts, at least the evaluator believed that you said different things different times as to your drug usage, but definitely the recommendation was for completion of the intensive outpatient treatment program which you did not do.'" 52 Kan. App. 2d at 47.

The *McFeeters* panel noted the district court's conclusory remarks failed to explain how public safety would be jeopardized or McFeeters' welfare would not be served by imposition of an intermediate sanction. The panel declined to substitute its inferences for a sufficiently particularized explanation and remanded for a new dispositional hearing. 52 Kan. App. 2d at 49.

Here, the district court revoked Booth's probation, stating:

"Based on the defendant's history in this matter, it does not appear that he is a viable candidate for supervision within the community. And my initial finding was that, if he would be willing to enter into a treatment program here, that that would help him. That does not seem to be proven by his conduct throughout this process. Therefore, I do not believe that his welfare is best served on supervision within the community, and his probation will stand revoked. He is to serve the remainder of his sentence."

The district court's explanation is similar to the explanation in *McFeeters*. In fact, the explanation in *McFeeters* is more detailed and explicit than the explanation given by the district court here. The district court did not set forth its findings "'with exactitude of detail.'" *McFeeters*, 52 Kan. App. 2d at 48. Instead, in order to affirm, this court would

need to make inferences from the district court's rationale. Similarly, the district court did not explain how Booth's welfare would not be served by the imposition of an intermediate sanction. K.S.A. 2016 Supp. 22-3716(c)(9) requires the reason for bypassing intermediate sanctions be set forth with particularity. The district court did not comply with K.S.A. 2016 Supp. 22-3716(c)(9). Therefore, we vacate the order sending Booth to prison and remand for a new dispositional hearing. See *McFeeters*, 52 Kan. App. 2d at 49.

At the dispositional hearing, the district court is free to apply the appropriate sanctions set out in K.S.A. 2016 Supp. 22-3716, including (c)(9), so long as the district court sets out with particularity why Booth should be ordered to serve his original sentence.

Affirmed in part, vacated in part, and remanded with directions.